CASE 97—PETITION EQUITY—MAY 26.

# Kamer v. Bryant, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. DEEDS—CONSTRUCTION OF—RULE OF CONSTRUCTION.—Where a con-
tract in writing has been acted on by the parties for a long time,
courts will adopt the construction given it by them, and define
their rights by their conduct under it; therefore where purchasers
of a stone quarry, "and the appurtenances and privileges there-
unto belonging" who have with the knowledge of the grantor for
many years used in connection with the stone quarry a switch
that was built over and on the land of the grantor adjoining the
quarry before their purchase from him, and used by him in con-
nection with the quarry, before the sale, the interpretation thus
adopted by the parties will be followed by the court.
2. SAME.—The location of the switch being such that it is the only
practical way to get out the stone from the quarry, it must be
held that the deed included the grant of an easement over it as
of necessity.
3. EASEMENTS—PRESCRIPTION.—The purchasers of the quarry having
used the switch under claim of right for more than fourteen years,
and then discontinued its use temporarily pending litigation as
to the ownership of the quarry, but still claiming the right to so
use it for more than fifteen years, acquired the right of easement
by prescription.
4. NOTICE OF EASEMENT.—The purchaser of the lot adjoining the
quarry over which the switch was constructed and was operated,
must be held to have had notice of the easement at the time of
his purchase, and can not dispute its existence.
5. COSTS—PRACTICE IN COURT OF APPEALS.—The appellees having
filed in this court a transcript of the record and moved for an
affirmance thereof as a delay case after the appellant had filed
his transcript, the appellee will be required to pay the costs of
the second transcript and the orders made therein.

LANE & BURNETT FOR APPELLANT.

1. There can not be a dominant and a servient estate unless there

be at least two tracts of land owned by different persons. When one person owns the two tracts neither is dominant or servient. Warren v. Blake, 54 Maine, 276; Keiffer v. Imhoff, 26 Penn. St., 438; Grant v. Chase, 17 Mass., 443; Blakely v. Sharp, 9 N. J. E., 9; Denton v. Ludell, 23 N. J. E., 64; McTarvish v. Carroll, 7 Maryland, 352; Miller v. Lapham, 44 Vermont, 416; McAllister v. Devan, 76 N. C., 57.

2. The right to a private passway can not be created by dedication. It must be evidenced by deed or by a continuous adverse use under a claim of right for not less than fifteen years. Hall v. McLeod, 2 Met., 98; Brizzalars v. Senoni, 82 Ky., 353; Beall v. Clore, 6 Bush, 676; Wilkins v. Barnes, 79 Ky., 324; Hansford v. Bury, 95 Ky., 56; Conyers v. Scott, 94 Ky., 123; O'Daniel v. O'Daniel, 88 Ky., 185.

3. The adverse and actual possession of the appellant claiming the same as his own at the time of the sale and conveyance by Charlotte Meyer to appellee prevented any right to the easement vesting in the appellee, was a good defense and the action of the court in sustaining the appellee's demurrer thereto was error. Young v. McCampbell, 6 J. J. M., 493; Caldwell v. Sprigg, 1 B. M., 370; Ball v. Lively, 1 Dana, 67; Walsh v. McBrayer, 1 Dana, 565; Redman v. Sanders, 2 Dana, 69; Woodford v. Young, 4 Ky. Law Rep., 981; Combs v. McQuinn, 10 Ky. Law Rep., 550; Kenton v. Lowden, 1 Ky. Law Rep., 399; Snead v. Hope, 16 Ky. Law Rep., 871.

4. The measure of damages for interference with an easement which resulted in the prevention by the defendant of a sale by plaintiff of the products of a quarry is the difference between the highest price the plaintiff could have obtained at any time after the interference and before the commencement of the action and their market value at the date of the commencement of the action. It is error in the court to give judgment in favor of plaintiff aganst the defendant for the value of the products which the plaintiff keeps and retains.

ARTHUR M. RUTLEDGE FOR APPELLEE.

1. Such easements as are apparent and visible pass to grantee under the words "appurtenances" or "appurtenances and privileges." Henry v. Koch, &c., 80 Ky., 391; Smith, Admr. v. Moodus Water Power Co., 35 Conn., 392; Strickler v. Todd, 10 S. & R., (Pa.), 69;

Pickering v. Stapler, 5 S. & R. (Pa.), 107; Woodhull v. Rosen-
thal, &c., 61 N. Y., 390; Simmons v. Cloonan, &c., 81 N. Y., 557;
Blain's Lessee v. Chambers, 1 S. & R., 169.

2. Where the owner of entire estate sells a portion of it, the pur-
chaser takes the portion sold, with all the benefits and burdens
which appear to belong to it at the time of the sale. Henry v.
Koch, &c., 80 Ky., 391; Louisville Turnpike Co. v. Shadburn,
1 Ky. Law Rep., 325; Lapman v. Milks, 21 N. Y., 505; Coppy
Case, 11 Henry, 8th, 25; Nicholas v. Chamberlain, Cro. Jac., 121;
Robbins v. Barnes, Hob., 131; Huttemeier v. Albro., 18 N. Y., 48;
Lansing v. Wiswall, 5 Denio, N. Y., 213; Cihak v. Klekr, 117 Ill.,
643; Butterworth v. Crawford, 46 N. Y., 349; Curtiss v. Ayrault,
47, N. Y., 73.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In 1874 the Louisville Rock & Lime Co. being the
owners of about six acres of land on which there was a
stone quarry, built a switch from the Narrow Gauge rail-
road to the quarry, and used this switch track to carry
out its rock taken out.

On December 29, 1875, the Rock & Lime Co. conveyed
to Hahn & Ferrell a portion of the six acres, being in two
pieces, one on the east end of the six acres and one on
the west end, thus leaving a central portion of about three
acres still owned by the Rock & Lime Co. unsold.

The habendum clause in the deed to Hahn & Ferrell
reads: "To have and to hold the two before described
lots of ground and the improvements thereon, and the
appurtenances and privileges thereunto belonging unto
the said W. P. Hahn and L. H. Ferrell."

The consideration recited is that Hahn & Ferrell were
corporators of the Rock & Lime Co., and had paid certain
sums for the company and desiring to withdraw from the

corporation, took the two pieces of land as their amount due them.

The switch above mentioned as it then existed lay across the northeastern corner of the three acres, reserved by the Rock & Lime Co.

Hahn & Ferrell, after this deed to them, continued to operate the quarry, and using the switch over the land of the Rock & Lime Co., for some years. Hahn & Ferrell sold the eastern track, and it was sold to various parties, who all continued to operate the quarry, and use the switch till December 5, 1889. The owner of a part interest died, and the quarry was not operated for some years, by reason of some litigation, concerning the quarry or settlement of some matters of partnership.

The full title to this eastern track is in appellees by regular deeds of general warranty, and their title to the land itself is not questioned.

Some time after the deed by the Rock & Lime Co. to Hahn & Ferrell, the company built another switch for its use on the land reserved, and owned by it, west of the one used by Hahn & Ferrell.

In 1890 appellant become the owner of the three acres, not sold by the Rock & Lime Co. to Hahn & Ferrell, by deed from the Rock & Lime Co..

In 1894, after the litigation about the eastern quarry, now owned by appellees, had been settled, the appellant begun negotiations with the appellees for the purchase of their quarry, but they failed to agree upon the price. Thereupon appellant took up several of the rails of the switch track and built a fence across same, thus prevent-

ing its use, and also the use of the quarry.  This fence .was built on the land of appellant.

Appellees brought this action seeking an injunction against the maintanance of the fence, as well as damages, by reason of its erection.  Appellees claim the right to use the switch track to their quarry as an appurtenant and improvement of the quarry, and that this easement passed to them by the deed of the Rock & Lime Co. to Hahn & Ferrell in 1875, as well as by prescription.

This position of appellees was denied as to the fact and legal effect of the deed granting this easement.

The damage was denied, although the obstruction of the switch track was not denied.

On these issues proof was taken, and on trial the court granted a perpetual injunction, and gave judgment for $200 damages.

From that judgment this appeal is prosecuted.

The proof clearly shows that this switch was used continuously from the date of the deed to Hahn & Ferrell in December, 1875, up till December, 1889, when the litigation begun, the property, material and machinery being attached by the knowledge of the Rock & Lime Co., the president of the company testifying that he negotiated the sale to Hahn & Ferrell, and as president made the deed, and that he understood at the time of the sale and all the time thereafter that the right to use this switch passed with the land as he knew it was impractical to build a switch on appellee's land alone and reach the quarry.

The president of the Rock & Lime Co. was also the

president of the railroad company, and testifies that it was well known that a switch could not be built on appellee's land, that the curve would be too short.

In the case of Louisville Turnpike Co. v. Shadburn, etc., 1 Ky. Law Rep., 325, this court held, where one grants a right to use a stone quarry on his land, the grant necessarily includes the right to go over other land of the grantor, where necessary to the procuring of the stone, and if the land is sold it passes subject to the easement, to the grantee.

Where a contract in writing has been acted on by the parties for a long time, courts will adopt the construction given it by the parties, and define their rights by their conduct under it.

We are of opinion that applying the rule last stated that it is clearly shown this easement was granted by the deed to Hahn & Ferrell. The Rock & Lime Co. so interpreted their contract for fifteen years,—as long as it owned the remainder—as well as by the several owners of the eastern quarry.

If this be true, the right to the easement must be held to have passed.

We are also of the opinion that this switch being located, and as shown, is the only practical way to use the quarry, it must be held to grant the easement as of necessity by the grant of the land.

The case of Lapman v. Milks, 21 N. Y., 505, appears directly in point. The court there says: "The parties are presumed to contract in reference to the condition of the property at the time of the sale, and neither has a right

by altering arrangements then openly existing, to change materially the value of the respective parts."

The term in the habendum, "and the improvements thereon, and the appurtenances and privileges thereunto belonging" is broad enough and in view of the facts of the case, does include this easement the use of the switch track as then existing.

We are also of opinion that appellees have the right of easement by prescription. The right to use the switch was first claimed and so used in December, 1875, and it was denied for the first time in 1894, nearly nineteen years after.

The fact that the quarry was not used after 1889, does not stop the running of the statute at that date.

The right to use the quarry and its ownership was in litigation between its owners, and appellant nor his vendor, was not then claiming any right thereto.

At the time appellant bought his lot the switch was there and it plainly showed its uses, and that it was for the benefit of appellee's quarry, and he was the owner of his lot three years and raised no objection to the switch, and for the first time objected when negotiations for its purchase failed. Appellant must be held to have had notice of the easement at the time he bought, and can not now dispute its existence.

The amount of the damage assessed is fully sustained by the proof.

Finding no error the judgment is affirmed with damages. In February, 1896, the appellees filed the record herein and moved for an affirmance as delay case; this was after

the appellant had in December, 1895, filed the record for his appeal. This second record was unnecessary, and the appellee will be required to pay the cost of the second transcript, and such orders as were made therein.