## Hatfield v. Hatfield.

(Decided November 27, 1912.)

## Appeal from Grayson Circuit Court.

Passway—Sale of Land Bordering on Road—Reservation of Passway. —The owner of a tract of land sold to another the part of the tract bordering on the public road, it being stipulated in the deed that the road and the right of way then existing through the tract thereby conveyed, should remain open to the grantor. Held: That this reserved a right of way out to the public road but not a right of way on the opposite side of the public road, although the grantor had been accustomed to drive there for convenience in turning, and the public had also used this curve.

G. W. STONE and J. C. GRAHAM for appellants.

CHAS. V. HIGDON and Z. T. PROCTOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

William Hatfield brought this suit against George L. Hatfield to recover damages for the stopping up of a passway by the latter. On a trial of the case before a jury, there was a verdict and judgment for the defend-ant. The plaintiff appeals.

The facts of the case are these: H. C. Wooldridge, who then owned a tract of 253½ acres of land, conveyed 138 acres of the tract to George L. Hatfield. The public road leading from Big Clifty to Clarkson ran through the tract. Wooldridge had a passway leading out to the road and striking the road at an angle so that to turn toward Clarkson it was necessary to make a rather sharp curve up an incline. To avoid this for a number of years Wooldridge had driven across the road making a curve on his own land beyond it, and coming back to the public road. The public road had become washed and the public had for some years followed this curve and had not traveled the public road. In this condition of things, in the deed to George L. Hatfield, Wooldridge inserted the following stipulation:

"It is expressly understood and agreed by the parties hereto that the road and right of way now existing through the tract hereby conveyed, shall remain open to the party of the first part."

On January 4, 1909, Wooldridge sold and conveyed to W. H. Hatfield, the remaining 115½ acre tract which

he owned.   In this deed there is no mention of the passway referred to, but by it Wooldridge conveyed the land "together with all the appurtenances thereunto belonging."   The situation at the time this deed was made is shown by the following plot:

In August, 1911, the road supervisor repaired the public road and put it back on its original location, and when this had been done, George L. Hatfield put his fence along the line of the public road so that William Hatfield could no longer drive on the curve beyond the road indicated by the figures X, Y, Z, on the plot, this curve being 100 feet long, and there being a space of ten feet between it and the county road at the widest place.   The thing in controversy is the right of William Hatfield to drive over the curve X, Y, Z, which is on the other side of the county road from his place.   The circuit court told the jury that the reservation of the passway in the deed from H. C. Wooldridge to George L. Hatfield gave the plaintiff no right to the passway beyond the public road or that part embracing the curve X, Y, Z.   Of this instruction appellant complains.

The purpose of Wooldridge in making the reservation was to retain for himself a way out when he sold

the land lying between himself and the public road. This reservation was made for the benefit of the tract which he still owned and afterwards sold to William H. Hatfield. It was an appurtenance to that tract and passed to the grantee of that tract though it is not expressly mentioned in the deed; for being an appurtenance it ran with the land. (Gibson v. Porter, 12 R., 917; Kamer v. Bryant, 103 Ky., 729; Ray v. Nally, 28 R., 425.) But what Wooldridge reserved was a passway out to the public road. The right of way referred to in the deed was the right of way to the public road. When he reached the public road, the right of way ended. The object of the reservation was to give him a way out to the public road. It was not contemplated that he should have a right of way beyond the public road. It is true that he had been in the habit of driving beyond the road for convenience, but a reservation in a deed should not be extended so as to give him rights beyond the public road, when the purpose was to give him a right of way out to the road. We therefore conclude that the circuit court properly instructed the jury that the defendant had the right to close up the curve on the far side of the road.

If Wooldridge had continued to own the whole tract, can it be believed that he, when he fenced and cleared the land, would have kept up this curve on the far side of the public road, after that road was put back in its original location? In the construction of a reservation of a passway in a deed, the grantor cannot demand of his grantee greater rights than a man would reasonably exercise in his own right if he owned both pieces of land. Each must exercise his rights with due regard to the rights of the other. The parties must be presumed to contemplate that in time the land would be cleared and enclosed, and they cannot be presumed to have contemplated that there should be two roads here, after the county road was put back in the proper place and the land was cleared and enclosed.

But under the deed William H. Hatfield has a right of way out, and if the angle is too sharp for him to turn with reasonable convenience toward Clarkson, he is entitled to have the passway widened at this point so as to have a reasonable space to turn in the direction of Clarkson. No doubt the parties can agree as good neighbors upon a reasonable cutting off of the sharp angle at the point A; but if they cannot, and George Hatfield obstructs this angle so as to prevent William Hatfield

from having a reasonable outlet in going in the direction of Clarkson, he may have remedy.

There is no question of adverse possession in the case as the rights of the parties accrued when their deeds were made in 1908 and 1909. Before this all the land belonged to Wooldridge, and George L. Hatfield now owns his body of land subject to the reservation made in his deed.

Judgment affirmed.