## Hopper et al. v. Beddow et al.

May 28, 1940.

Flem D. Sampson, Judge.

338

Hiram H. Owens for appellants.

Tuggle & Tuggle for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

A. M. Decker owned two adjoining lots in Barbourville in 1886. They fronted on North Main Street and ran back to First Street. In the same year Decker conveyed the lot now owned by the appellees to Caleb Ledford. After changing hands several times the other Decker lot came into the possession of appellants in 1936. The deed from Decker to Ledford, after describing the property, provided as follows:

> "* * * and it is understood that the party of the second part is to give four feet running from the road along the line between the land hereby conveyed and the lot now owned by the party of the first part to First Street, and the party of the first part gives four feet off his said lot running from the road to First Street, this making an alley eight feet wide between said lots for the convenience of the two, but each party to retain the fee to his said four feet."

No reference was made in any of the deeds to the appellants' lot to the easement covered in the Ledford deed, though the deeds to both lots subsequent to the Ledford deed conveyed the properties with all the appurtenances thereunto belonging.

The proof shows that a passway was established between the two lots and that it was used for many years. There seems to be little dispute as to its location from Main Street back to where coal houses stood. From the coal houses back to First Street there is some indication that more of the passway for at least a part

of the way was on the lot. belonging to appellees. Some 10 or 12 years ago J. T. Beddow and the then owner of the lot belonging to the appellants entered into an agreement under which Beddow was permitted to erect a garage between the two coal houses. Doors were placed at each end of it so that the passway could be used as before, though it seems that the part of the way from the coal houses back to First Street has been used less frequently in recent years.

Shortly after the appellants purchased their lot they had it surveyed and built a fence near the division line from First Street up to the garage. Shortly before this action was filed by the appellees, plaintiffs below, the appellants erected a hedge fence near the division line from Main Street back to the garage. The prayer of the appellees was "that the aforesaid mentioned nine feet of land along the common line of plaintiffs and defendants be adjudged an alley and passway and that these plaintiffs be adjudged the right to travel and use said alley and passway free from the interference of the defendants herein. They pray for their costs and all legal and equitable relief to which they may be entitled." The issues were joined, proof taken and judgment entered giving the appellees the relief sought to the extent of an 8-foot passway. The judgment located the 96-foot frontage of the appellants' lot on Main Street and directed that the appellees remove obstructions over and within the passway placed there by them and their predecessors in title.

In urging reversal the appellants insist (1) they have a perfect chain of title without reference to any easement, encumbrance or alley on their lot; (2) there was no physical evidence of the existence of an alley, four feet of which is shown to have been taken from their lot, at the time they purchased it; (3) those using the passway in former years entered upon First Street from the property of the appellees; and (4) the appellees participated in the surveying and establishing of a division line and made no assertion of claim to a passway and are now estopped in their attempt to re-establish the passway which has long since been abandoned.

While there is conflict in the evidence on the second and third points, it is apparent from what has been said that we are of the opinion that there is sufficient evi-

dence to sustain the finding of the chancellor. As to the fourth ground, there is sufficient evidence to support the finding of the chancellor that ''there now exists and has existed for many years a passway eight feet wide along the property line between plaintiffs and defendants,'' though the part of the passway from the coal houses back to First Street has not been used as much in recent years as the part of it from those buildings to Main Street. The appellees admit that the division line was properly located, but they deny that they made no claim to the use of the passway. There is conflict in the evidence as to what transpired between the parties at the time of the survey and at the time the back fence was built, but we think the record supports the ruling of the chancellor, which in effect denied the appellants' plea of estoppel. Even if we were in doubt, we would be disposed to follow his ruling. Pennington v. Pennington's Adm'r, 276 Ky. 353, 124 S. W. (2d) 460, and cases cited therein.

As to the appellants' first contention, we have noted that A. M. Decker owned both of the lots in 1886, and in that year conveyed one of them to a predecessor in title of the appellees with a provision in the deed for the passway in question. We have noted also that the passway was established and used as such in accordance with the provision in the Ledford deed. It was for the benefit of the adjoining property owners and was an appurtenance to each piece of property and passed with each subsequent conveyance, regardless of whether mentioned in the deeds. See Hatfield v. Hatfield, 150 Ky. 788, 151 S. W. 3, and cases cited therein.

It follows from what has been said that we are of the opinion that the judgment should be, and it is, affirmed.