## Vaughn et al. v. Reynolds et al.

Nov. 5, 1941.

O. B. Bertram for appellants.

Noggle & Graham for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

John W. Vaughn died in 1926, leaving a will under which his daughter, Verlona L. Vaughn, and a son, Henry E. Vaughn, were given life estates in 106 acres of land in Green County during the lifetime of the daughter and under which the land was to be sold at her death and the proceeds divided among his children, including

the appellant, Robert L. Vaughn. Henry E. Vaughn died testate in 1934. Shortly after his death, his wife, Emma Vaughn, now Emma Vaughn Reynolds, brought this action in her own right, and as administratrix of the estate of her deceased husband, for a construction of the two wills and her rights thereunder. A judgment was entered in that action, from which no appeal was prosecuted, holding that Emma Vaughn was entitled to a joint life estate in the land with Verlona L. Vaughn, and that at the death of the latter she took a one-fifth interest in it. It seems that the appellant bought out the interests of all the heirs except that of the appellee, in 1935. The action now before us was instituted by Emma Vaughn Reynolds, in 1939, with a view of having the 106 acres of land sold, and for a division of the proceeds between the joint owners. At that time the appellant and the appellee each owned a one-half interest in the land during the life of Verlona L. Vaughn, and were entitled to possession of it, and they jointly owned the remainder of it, the appellant owning a four-fifths interest and the appellee a one-fifth interest. The land was ordered sold and the appellant became the purchaser for the sum of $1680.00.

The first question raised on appeal is that it was error for the chancellor to order the property sold; but we think otherwise. Clearly this is a case coming within the 1926 amendment to Section 490 of the Civil Code of Practice, being Subsection 4 thereof. This subsection provides:

> "If the estate shall have passed by devise to one or more persons for life, with directions that at the termination of such life estate the property is to be sold and the proceeds distributed to remainderman or remaindermen in fee, a court of equity in an action brought by either the holder or holders of the particular estate or the distributee or distributees of the remained (remainder) interest may sell such property for a division and distribution of the proceeds, if it shall appear that such sale and distribution would be beneficial to all interested parties."

As we have noted, the appellant and the appellee are joint owners of the land in question during the life of Verlona L. Vaughn. The will of John W. Vaughn directed that at the termination of the life estate of his

daughter the property be sold. As indicated above, the appellant and the appellee are the only remaindermen. There is a sufficient showing that the sale will be beneficial to the interested parties.

This brings us to the second question raised on the appeal, namely, the ruling of the chancellor directing that the appellee's claim for rents and the appellant's claim for improvements and taxes be set off one against the other and nothing allowed on either claim. The appellant took possession of the land in 1935 and paid the taxes on it after that time, which amounted to approximately $110. He made certain repairs and improvements, estimated by him at approximately $1,000. He got the rents from the land during the time he had possession of it, though there is come conflict in the proof as to whether the rents for 1935 were kept by him or turned over to his sister, Verlona L. Vaughn. The appellant purchased the interests of the other heirs on the basis of $250 a share for the five shares, though he stated that he paid a price in excess of the actual value of the land. Other parties, however, put the value of the land in excess of that amount before the repairs were made and at $2,500 in 1940. As we have seen, the land brought $1,680 at the sale. With the conflicting proof as to its value before and after the improvements were made, and as to its rental value, which was probably around $150 a year, we do not believe that we would be justified in disturbing the chancellor's ruling that the appellee's claim for rents and that of the appellant for repairs and taxes be offset. Our rule is that we will follow the ruling of the chancellor in such a case, even when in doubt as to its correctness, which is not the case here. Hopper v. Beddow, 283 Ky. 337, 141 S. W. (2d) 278.

Judgment affirmed.