CASE 62.—ACTION BY BIGHAM MASONIC LODGE NO. 256
    AGAINST ELECTA M. FRISBIE.—April 30, 1909.

# Frisbie v. Bigham Masonic Lodge

Appeal from Crittenden Circuit Court.

J. F. GORDON, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1.  Party Walls—Contract as to Construction of Wall—Duration
    of Easement—Destruction of Buildings.—Defendant sold
    plaintiff a part of a lot for a specified sum and the further
    consideration of using the wall of the building about to be
    erected by plaintiff. The deed specified the manner in which
    defendant was to join her building to that of plaintiff, and
    provided that certain abutments projecting from plaintiff's
    wall were to be furnished by plaintiff. Held, that the deed
    gave defendant a perpetual easement in plaintiff's wall, and
    on burning of the buildings defendant could demand that
    abutments be provided on the rebuilding of plaintiff's build-
    ing and could use the wall without a payment of any part
    of the cost to plaintiff, and before the wall was rebuilt the
    right to the easement was in abeyance.
2.  Easements—Construction of Grant.—Where the language used
    in a grant of an easement is ambiguous as to the nature or
    extent of the right, the meaning given to it will be the one
    most favorable to the claimant of the easement.
3.  Contracts—Construction—Intent of Parties.—A contract
    should be so construed as to give effect to the intention of
    the parties, and the language used should receive a common-
    sense interpretation, and, when the language is indefinite or
    ambiguous, it is proper to look to the condition of the parties
    and their probable motive and object.
4.  Party Walls—Existence of Right—Evidence.—The fact that
    plaintiff, on erecting its second buildings, again put its wall
    in condition for defendant to build to it, and defendant again
    made use of the wall, was a recognition of the continuation
    of defendant's right to use the wall.

J. G. ROCHESTER and H. V. McCHESNEY for appellant.

### POINTS AND AUTHORITIES.

1. Where there is an attempt to make a reservation in a deed,
any uncertainty as to its description or meaning, must be solved
in favor of the grantee, and against the grantor. Towns et al
v. Brown, 114th S. W. Rep. p. 773.

Frisbie v. Bigham Masonic Lodge.

2. Appellant having appropriated the property of appellee, ought in good conscience to make it whole. Welford v. Gerard, 108th Ky. 322.

3. One who uses a wall erected on the dividing line, by the owner of the adjacent lot, should pay a reasonable and fair price for the use thereof, estimated as of the time when the user takes place. Spalding et al, v. Grundy, 104 S. W. Rep. pp. 293.

L. H. JAMES and JOHN W. BLUE, Jr., for appellee.

We submit, that the record shows that both parties expected the wall to remain, and appellee was exacting a one-half interest in it as a part consideration for her lot, which interest remained so long as that wall stood, but upon its destruction, appellant lost her interest in the wall as well as appellee lost its interest therein. That being the case we are left without any contract as to the erection of a new wall and the part that each should pay in its construction. The lower court, in deciding this matter, adopted the rule as laid down in the case of Spaulding, &c. v. Grundy, 184 S. W. 293, and believing that to be the true doctrine we submit this case. See Welford v. Gerard, 108 Ky. 322; Bisgnan v. Junelot, 44 Am. Dec. 483; Abrahams v. Krautler, 66 Am. Dec. 698; Wood v. Nuisance, Sec. 221.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

In the year 1895 the appellee, desiring to erect a three-story brick building in Marion, Ky., found that a lot which it then owned was too small to contain such a building, and it therefore purchased of the appellant, who was then Mrs. Electa Boaz, a parcel of ground from an adjoining lot owned by her, receiving of her and her then husband, J. D. Boaz, a deed therefor, which is in words and figures as follows: "This deed of conveyance made and entered into this the 8th day of November, 1895, by and between Electa M. Boaz and John D. Boaz, her husband, residents of Marion, Crittenden county, Kentucky, parties of the first part, and the trustees of Bigham Lodge F. & A. M. No. 256, of Marion, Kentucky, for the use and benefit of said lodge, parties of the second part, witnesseth: That for and in consideration of the sum of three hundred and forty dollars, cash in hand

paid to the parties of the first part, the receipt of which is hereby acknowledged, and the further consideration of joining the south wall of the Masonic building when completed, as herein specified, the parties of the first part have sold and conveyed, and do by these presents, hereby sell and convey to the parties of the second part for the purpose aforesaid, and their successors in office, the following described land lying in Marion, Crittenden county, Kentucky, and at the east end of the Masonic lodge lot: (Description of the land omitted.) It is agreed by and between the parties hereto that the parties of the first part are to have the priviledge of joining to the first two stories of Masonic Lodge building, on the south side when erected, but are to join to same by means of a four-inch abutment at the base and brick projecting from said wall for four inches at the second floor, but no holes or indentations is to be made in said wall. Said projecting brick and abutment are to be placed in position by parties of the second part in a safe and substantial manner, but such anchors as may be necessary for the purpose of adjoining are to be furnished by the parties of the first part. Said property is conveyed unto the parties of the second part. To have and to hold forever unto themselves and successors and assigns in office and with covenant of general warranty. In testimony whereof, we have hereunto subscribed our names, this the day and date aforesaid. Electa M. Boaz, J. D. Boaz.''

At that time appellant also had in contemplation the erection of a two-story brick business house upon what remained of her lot after the conveyance of a part of it to appellee. Hence the insertion in the deed to the latter of the provision relating to her

right to attach or join her building to the south wall of the building to be erected by appellee. In the years 1895 and 1896 appellee erected its three-story brick building as contemplated, and about the same time, or shortly thereafter, appellant also erected on her lot adjoining that of appellee a two-story brick building as purposed by her. In constructing on its own lot the south wall of its building, appellee, as it had covenanted in the deed from appellant to do, at its own expense extended the foundation over on appellant's lot adjoining, 18 or 20 inches, to furnish a rest for the joists of the ground floor of her building, and further up in its wall made a similar projection for the support of the joists of the second floor of appellant's building. Appellee, by thus extending the foundation of its wall and making the projection therefrom above, enabled appellant to attach her building to it and make the south wall of its building the north wall of hers, all of which was in conformity to the provisions of the deed between the parties.

In March, 1905, these two buildings, with several others in the same block were destroyed by fire, for which neither appellant nor appellee was responsible. In the spring of 1906 appellant and appellee each again erected a building of the same dimensions to take the place of the one destroyed; that of the latter being first commenced and perhaps first completed. In erecting its last and present building, appellee, by again extending the foundation of its south wall over on appellant's lot for appellant's ground joists, and by making the projection in the wall as a rest for the joists of the second story of her building, again caused the one building to be attached to the other, and made the south wall of appellee's

building the north wall of appellant's building. The erection of the south wall of its building up to and including the projection made for the support of the second floor joists of appellant's building seems to have cost appellee $553, and the payment of one-half of this sum, $276.50, it demanded of appellant, but she refused to pay it or any part thereof. Thereupon appellee brought suit against her in the court below for the $276.50, and for $100 damages it claim· ed to have sustained for injuries resulting to the south wall of its building from the negligence of appellant's employes in erecting her building. The circuit court on the trial rejected appellee's claim for damages, but gave it judgment against appellant for $276.50, as half the cost of that part of its south wall in use as a wall for appellant's building. The latter complains of the judgment, and by this appeal seeks its reversal.

We think it manifest that the deed by which appellant conveyed appellee a part of the ground occupied by its building reserved and conferred upon her a perpetual easement in the south wall of its building. In other words, the right to join her building to the south wall of appellee's building was a part of the contract whereby she parted with the title to the parcel of ground purchased of her by appellee, and a part of the consideration for its sale. Of this there can be no doubt for it is so expressed in the following language of the deed: "That for and in con· sideration of the sum of three hundred and forty dollars, cash in hand paid to the parties of the first part, the receipt of which is hereby acknowledged, and the further consideration of joining the south wall of the Masonic building when completed, as herein

specified, the parties of the first part have sold and conveyed and do by these presents hereby sell and convey to the parties of the second part, for the purposes aforesaid, * * * the following described land. * * *'' So careful were the parties in respect to the right thus conferred upon appellant to use the south wall of appellee's building as the north wall of her building, that the further and entire agreement between them in regard thereto was set forth in a subsequent part of the deed with such particularity as to direct the manner in which appellant should attach or join her building to that of the appellee, how the foundation and wall of appellee should be prepared for such use, the preparation therefor to be made by appellee, and that it should be done at its cost. We find nothing in the language of the deed that limits or confines the right or easement thus acquired by appellant to the building erected by appellee immediately following the execution and delivery of the deed. The deposition of appellant clearly shows her understanding that the easement was not confined to the use by her of the wall of that building, but that it was a continuing right which would apply to any building that appellee might erect upon its lot. If such was not the understanding of the persons representing appellee, it does not satisfactorily appear from their testimony. The original contract of sale and deed, later executed, were both written by an official representative of appellee, and, if it had been understood by the contracting parties that there was to be any limitation placed upon appellant's easement in appellee's wall which would have confined it to the building destroyed, he surely would have incorporated it in the deed.

Neither fraud nor mistake in the execution of the deed is alleged. Where a writing indicates an evident intention to grant an easement, but its language is ambiguous as to the nature or extent of the right, it should be given such meaning as would be most favorable to the claimant of the easement. It is also a recognized rule of construction that a contract should be so construed as to give effect to the intention of the parties, and the language used, should receive a common-sense interpretation, and, when it is indefinite or ambiguous, it is proper to look to the condition of the parties, their probable motive and object. While in our opinion appellant, under the contract evidenced by the deed in question, by purchase acquired a perpetual right to join or build to the side wall of any building appellee might have or erect upon the lot adjoining hers, subject to the stipulations contained in the deed as to the manner of doing it, we would not be understood as holding that appellant's right was such that she could, after the destruction of the two buildings, have compelled appellee to rebuild in order that she might again have the use of its wall. After the destruction of appellee's building, and while it had no building on its lot, appellant's easement was in abeyance; but, when it rebuilt, the easement was revived.

We are further of the opinion that, as the right here asserted by appellant is in the nature of a grant based upon a good and sufficient consideration, it carries with it, as a part of the grant, the additional right to demand of appellee that it prepare, in the manner required by the deed and at its own cost, the south wall of its present building for the joining of appellant's building to it. Appellee is as much bound

by the terms of the deed to do this at his own expense as it is to allow appellant to join her building to its wall, for the one duty is as imperatively required by the language of the deed as the other; and, in apparent anticipation of appellant's claiming the right to join her building to the south wall of its present building, appellee, as before stated, in erecting that wall, extended it at the foundation and also made the upper projection, as required by the deed, thereby putting it in condition for appellant to build to it, which she has done. These acts of appellee, while not conclusive as amounting to recognition of appellant's right to the use of its wall, would seem to furnish some evidence of their belief in such right.

Although this court has reviewed many cases involving litigated questions as to party walls, it has not had before it a case presenting the precise question now under consideration, nor have we been cited by counsel to a case in point outside of Kentucky; but, notwithstanding the absence of direct judicial authority, we are unable to escape the conclusion that appellant is entitled to the enjoyment of the right she asserts, and that she is not chargeable with any part of the cost to appellee of the south wall of its building or of the work performed by it in preparing the wall for her use.

We have not considered the claim of appellee to damages for alleged injury to its wall charged to appellant, as there is no cross-appeal from that part of the judgment disallowing such damages.

For the reasons indicated, the judgment is reversed, and cause remanded, with directions to dismiss the petition.

Nunn, J., not sitting.