## Stegman et al. v. City of Fort Thomas.

(Decided April 26, 1938.)

SAWYER A. SMITH for appellants.
ODIS W. BERTELSMAN for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

Carl Edward Stegman and Leona Stegman, by their original and amended petitions filed in the Campbell circuit court, sought a judgment for damages against the City of Fort Thomas, Ky., in the sum of $7,500, based upon the allegation, including other alle-

gations hereinafter referred to, that the City of Fort Thomas, by and through its officers, representatives, and employees, and against their will and consent, wrongfully and forcibly entered upon their land, and excavated and removed large portions of the surface of a strip of their land, lowered the surface thereof, and attempted to take possession of same and separated and divided their land and attempted to take same as a right of way for pedestrian traffic only; and did so without constructing a highway 30 or 40 feet wide and without constructing a highway of such width, necessary for general traffic, but instead constructed thereon a roadway for pedestrian traffic only, and, by their failure, did impair, diminish, and reduce the value of their land, to their damage and injury in the sum of $7,500. Appellants interposed a demurrer to their petition which was sustained. Appellants then refused to amend by pleading further, but on the other hand chose to stand upon their petition; thereupon, their petition was by the judgment of the court dismissed. Not being satisfied with the judgment, they appeal.

We are met with the single question: Taking the allegations of appellants' petition as true, was a cause of action stated?

Appellants further alleged that the deed to them for the land which they owned at the time of the institution of the suit, and from the time they purchased it, over which the alleged street complained of was, constructed, was burdened with the following reservation:

"The real estate hereinbefore described as Parcel 2 is conveyed subject to the reservation contained in deed from Board of Trustees of the Highland Graded Common School District No. 2, etc., to the grantor herein, Frank J. Stolle, recorded in Deed Book No. 106, page 307, of the records aforesaid."

And further that the deed made to their grantor contained the following provision of reservation:

"The grantor, for itself and for its successors and assigns, hereby reserves the right at any time to construct a public street or highway of any reasonable width across the land hereby conveyed, such street to run southwestwardly across said land at any place which said grantor, its successors and assigns, may see fit to select. Said grantor is not,

however, to be under any obligation to construct such street, but may do so or not at its election.''

Appellants virtually admit that, although the deed to the land they owned contained the reservation herein set out, the city possessed full power and authority under the law, as they in substance alleged, to improve and build streets within its boundary; still, it could not, without their consent and permission, open any kind of a street across their land. Their contention is bottomed upon two grounds: (1) The reservation in the deed of their grantor was not binding upon them at the time the street was constructed by the city, and, therefore, not valid and effective; and, (2) if such reservation was valid and effective, could the city use appellants' property by reason of the reservation for a purpose other than that set out in the reservation; that is, for the purpose of constructing, using, and maintaining across their property a right of way for pedestrian traffic only, and at the same time without any intention to construct a public street, and without constructing it as a public street or highway for the general public?

We are unable to see on what legal principle or on what reasonable ground appellants' contention may be grounded, especially after admitting and alleging that the right was retained by their grantor, and not only by their grantor, but also for the benefit and for the right of its successors and assigns, to at any time construct a public street or highway of any reasonable width across their land, to run in a southwestwardly direction, at any place which the grantor or its successors and assigns might see fit to select.

Counsel contends that the reservation in the deed of conveyance is too vague and indefinite and does not describe the lands intended to be reserved from the deed for street or highway purposes. Counsel relies upon the case of Justice et al. v. Justice et al., 239 Ky. 155, 39 S. W. (2d) 250, 251, and several other citations, as authority for that contention. We are unable after a careful examination of that opinion, as also the other citations relied upon, to see in what respect those cases are applicable to the case at hand. There is no contention here, and can be none, that the reservation in appellants' deed is ambiguous. It is not vague nor indefinite, because it is clearly provided that the right is retained or reserved to construct the street or highway in a southwestwardly direction across the entire tract

of land conveyed to appellants. In the Justice Case, supra, we did say that "in construing an inartificially expressed instrument, the intention is to be deduced from a liberal and fair consideration of its entire language, Babb v. Dowdy, 229 Ky. 767, 17 S. W. (2d) 1014, with any ambiguity or uncertainty as to the nature or extent of an exception or reservation resolved in favor of the grantee. Towns v. Brown (Ky.) 114 S. W. 773; Frisbie v. Bigham Masonic Lodge, 133 Ky. 588, 118 S. W. 359; Higdon v. Nichols, 204 Ky. 56, 263 S. W. 665."

The language of this reservation is not vague or inartificially expressed, but, on the other hand, it is expressly stated the direction in which the highway may be constructed, and that it must be of a reasonable width. Appellants do not base their cause of action upon any ground that the strip of land used by the city interfered with any outhouse they had built upon the land or affected the free use of their residence or any house that they might have already built upon their property, nor do they complain that the width of the street is unreasonable, nor that it is constructed or attempted to be constructed in any other direction than a southwestwardly direction across their land. Our attention has not been directed, where appellants would or could be damaged by the building of the strip of road 30 or 40 feet wide or any reasonable width. The contention is made that a wrong is done appellants, because the street is not completed to a width that could be used or might be used by the public in general, but on the other hand it is to be used only by pedestrians. The court is unable to see upon what principle that appellants can complain of the use of the street, unless the plain terms of the reservation be ignored. In the first place the authority of the use of the street belongs alone and is in the discretion of the city. The city under the provisions of the reservation has the right to open the street for pedestrians only and, when it does so, the street becomes a public highway. A street used only by pedestrians is a public highway. See Home Laundry Co. et al. v. City of Louisville et al., 168 Ky. 499, 182 S. W. 645.

The rule is, that the use of an easement in lands cannot be extended or made greater than the terms of the reservation authorizes, but it may be less. Appellants cannot be heard to complain.

Appellants do not base their cause of action upon what appellee has done, but rather upon what it has failed to do. Appellants contend and in substance allege that appellee had a right to build the street, provided it had constructed it wide enough and completed it for the use of vehicles and the general public, but the complaint is, that because it is only opened for pedestrian traffic, then its cause of action results. There is no merit as we can see in that contention.

Having reached the conclusion that taking the allegations of appellants' petition as true, and that the reservation in the deed is binding and neither obscure nor indefinite, it is our opinion that no cause of action is set out in appellants' petition.

Wherefore, the judgment is affirmed.