RENDERED:  JANUARY 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0234-MR

COMPUTER INFORMATION
SYSTEMS, INC.                                                                  APPELLANT

v.            APPEAL FROM PULASKI CIRCUIT COURT
              HONORABLE EDDY MONTGOMERY, JUDGE
              ACTION NO. 23-CI-00406

AARON C. PINGLETON                                                      APPELLEE

OPINION
REVERSING AND
REMANDING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND McNEILL, JUDGES.

COMBS, JUDGE:  This appeal arises from a dispute between adjoining

landowners.  Computer Information Systems, Inc. (CIS), owner of property at 216

High Street, appeals the summary judgment of the Pulaski Circuit Court entered in

favor of Aaron C. Pingleton, owner of property at 114 Cotter Avenue.  After our

review, we reverse and remand.

Both CIS and Pingleton base their source of title on the Wilson deed, a 1939 instrument containing a lengthy metes-and-bounds description. Wilson was deeded property with 105 feet of road frontage on the east side of High Street in Somerset. The tract extended between approximately parallel lines to 100 feet of road frontage on the west side of Cotter Avenue.

The CIS property is the same property acquired by Rusha Vaught in 1941 by deed of conveyance from Wilson and his wife, Edith. The metes-and-bounds description contained in the Vaught deed is identical to the metes-and-bounds description contained in the Wilson deed -- with an exception central to this dispute. Again, the deed conveyed a tract with 105 feet of road frontage on the east side of High Street extending between roughly parallel lines to 100 feet of frontage on the west side of Cotter Avenue. However, the deed next provided as follows:

> There is excepted from the above boundary two certain houses and lots of ground facing Cotter Ave. and said lots being 43 feet wide and running back 118 feet. There leaves 14 feet more or less of the above lot on Cotter Ave.

Wilson's fee simple conveyance to Vaught included the remainder of the original tract -- specifically the portion of the tract providing 14 feet of road frontage on Cotter Avenue. The slim, panhandle-shaped portion of the tract specifically

conveyed to Vaught is the lane providing rear access to the property from Cotter Avenue to the remainder of the High Street property.

As recorded in CIS's chain of title, Vaught conveyed the same property conveyed to her by Wilson to W.H. Hodge in 1943. In pertinent part, the deed conveyed:

> A certain house and lot of ground lying and being in Somerset, Pulaski County, Ky. and on the east side of High St. and bounded and described as follows:
>
> BEGINNING at a stake in the edge of High St., thence running 66-30' E 110 feet more or less to a stake; thence running N 23-30' E to a stake about 105 feet more or less; thence running in a northward direction about 110 feet more or less to a stake at High St.; thence with High St. S 11 E about 105 feet to the beginning corner.

This metes-and-bounds description of a roughly square tract omitted the 14-foot-wide salient extending from High Street and providing rear access to the property from Cotter Avenue. However, the deed specifically purported to convey to Hodge the **same property** conveyed to Vaught. Nevertheless, the narrow lane is described therein as a:

> 14 foot right-of-way running between parallel lines from Cotter Ave. to the property hereby conveyed for the purpose of ingress and egress to and from the property.

The same description of an approximately 110 feet by 105 feet parcel with 105 feet of road frontage on High Street, connected to Cotter Avenue by a 14-foot "right of way," providing rear access to the High Street parcel, appears in every subsequent

deed in CIS's chain of title until the deed of conveyance from Bruce McKnight and

Kate McKnight, husband and wife, to William A. Clark and Tammy Clark,

husband and wife, dated December 30, 1992.

The 1992 deed incorporated a recent surveyed description of the

property to be conveyed. The property conveyed is described, in pertinent part, as

follows:

> Beginning at an iron pin which said iron pin is located on the east side of High Street right of way and said iron pin is a common corner of Robert King . . . ; thence leaving High Street right of way and running with King's line S 59 degrees 36'01" E 165.0 feet to an iron pin and said iron pin being a common corner of Robert King, Ida Hall . . . ; and Betty Daulton. . . ; thence with the line of Daulton and Brinson . . . S 33 degrees 01' 07" W 85.60 feet to an iron pin and said iron pin being a common corner of Brinson; thence still with Brinson's line S 59 degrees 59' 19" E 117.72 feet to an iron pin and said iron pin being a corner common of Brinson and said iron pin being located on the west side of Cotter Avenue right of way; thence with Cotter Avenue right of way S 34 degrees 01' 51" W 13.12 feet to an iron pin and said iron pin being a common corner of Jacob Denniston. . . ; thence leaving Cotter Avenue right of way and running with Denniston's line N 61 degrees 02' 40" W 94.80 feet to an iron pin and said iron pin being located on the east side of High Street right of way and said iron pin being a common corner of Denniston; thence running with High Street right of way N 18 degrees 51' 45" E 105.0 feet to the point of beginning, as surveyed by Bobby Hudson . . . dated December 24, 1992.

This boundary description expressly conveyed in fee the narrow lane joining the High Street property to Cotter Avenue. However, the deed next provides as follows:

> There is a 13.12 foot right of way described within the above described boundary, running between parallel lines from Cotter Avenue to the property herein conveyed, for purposes of ingress and egress to and from said property.
>
> * * * * *
>
> It is agreed that second parties herein shall maintain the above described right of way and the said right of way is to be used as a means of ingress and egress to and from Second Parties property from Cotter Avenue, and Second Parties, his or her heirs and assigns, from time to time, and at all times after the effective date of this instrument, at his or her own cost and expense, will repair and maintain, in a proper, substantial, and workerlike manner, the above-described right of way property.
>
> The above named Second Parties shall use the rights granted by this instrument with due regard to the rights of others and their use of such right of way and shall not use the right of way area in any way that will impair the rights of others to use it and shall not obstruct passage thereon.

CIS subsequently acquired the property by deed of conveyance from Federal National Mortgage Association dated June 22, 2016.

The Pingleton property is the same property acquired by Arthur Denney and Dessie Denney, husband and wife, by deed of conveyance from the Wilsons in the 1940's. The Denney property is the southerly lot of the two lots

excepted by the Wilsons in the Vaught deed and adjoins the narrow lane conveyed to Vaught by the Wilsons. **There is no conveyance of any kind of the adjoining panhandle to any of Pingleton's predecessors in title**. The metes-and-bounds description of the Pingleton property remains unchanged from the Denney deed to the present. Every owner of the CIS property used the narrow lane adjoining Cotter Avenue to access the property facing High Street.

In May 2023, CIS filed a declaratory judgment action against Pingleton in Pulaski Circuit Court. CIS alleged that beginning in February 2023, Pingleton began to trespass upon the narrow lane by blocking with rocks and dirt the 13- to 14-foot-wide salient bordering Cotter Avenue. Pingleton answered and denied the allegation. Pingleton asserted that he was the owner of the disputed lane, conceding that his Cotter Avenue property was burdened by a 14-foot-wide easement created upon the division of the original tract into three lots. He contended that the easement could be used only for access to the roughly square-shaped tract bordering High Street and deeded to CIS. Pingleton specifically denied that CIS was the fee simple owner of the narrow lane. Written discovery began.

In November 2023, Pingleton filed a motion for summary judgment. He argued that the Wilsons' deed did not convey to Vaught the narrow lane. Instead, he contended that the lane was retained in fee by the Wilsons and

conveyed to others as part of one of the two 43-feet-wide tracts facing Cotter Avenue and referred to as exceptions to the property conveyed to Vaught. He explained that his fee simple ownership of the property at 114 Cotter Avenue is merely burdened by an easement defined by the narrow lane used to access CIS's property at 216 High Street from the rear. CIS vigorously opposed the motion.

By its order entered January 19, 2024, the trial court granted summary judgment to Pingleton. The court explained that it was constrained to construe the Vaught deed against her as grantor. Construing it against Hodge, the grantee, as well, the court concluded that Vaught's deed failed to convey the entirety of the property that had been deeded to her. Instead, the court interpreted the deed as converting part of the tract -- the disputed panhandle -- into an easement appurtenant to an adjoining tract in which she had no interest -- namely, 114 Cotter Avenue. It determined that CIS's predecessors in title had not acquired the narrow lane in fee simple but that they were merely entitled to use it for ingress and egress from Cotter Avenue to its High Street property. CIS filed this appeal.

Our task in reviewing a grant of summary judgment is to determine whether the circuit court correctly concluded that no genuine issue exists as to any material fact, and whether, based on such facts, the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996). It is well established that interpretation of a deed presents an issue of law for the

court, and our review proceeds *de novo.* *Colyer v. Coyote Ridge Farm, LLC*, 565 S.W.3d 659, 663 (Ky. App. 2018); *Brewick v. Brewick*, 121 S.W.3d 524, 526 (Ky. App. 2003).

When interpreting a deed, the intention of the parties is paramount and should be gleaned from a fair reading of the four-corners of the instrument. *Kentucky-West Virginia Gas Co. v. Browning*, 521 S.W.2d 516, 517 (Ky. 1975). Ambiguity or uncertainty as to the nature or extent of an exception or reservation must be resolved in favor of the grantee. *Frisbie v. Bigham Masonic Lodge*, 133 Ky. 588, 118 S. W. 359 (1909). Moreover, and critical to this decision, any ambiguity in a deed is interpreted in favor of passing a complete title to the grantee. *Gabbard v. Short*, 351 S.W.2d 510, 511 (Ky. 1961); *Childers v. Welch*, 304 Ky. 700, 202 S.W.2d 169, 171 (1947).

Again, an examination of the deed conveying property to Vaught reveals that the Wilsons conveyed to Vaught in fee simple the entirety of their property adjoining High Street -- expressly including a narrow lane that also adjoined Cotter Avenue. The deed conveys a tract with 105 feet of road frontage on the east side of High Street extending between roughly parallel lines to 100 feet of road frontage on the west side of Cotter Avenue. It excepts therefrom *only* "two certain houses and lots of ground facing Cotter Ave. and said lots being 43 feet wide and running back 118 feet." The language does not suggest that the Wilsons

were attempting to carve out or except and retain in fee the remaining 14 or so feet of their property adjoining Cotter Avenue. In fact, the deed describes the remaining "14 feet more or less" as part of the tract it intends to convey to Vaught. The lane conveyed to Vaught by the Wilsons **was not included in the exceptions** identified in the conveyance.

Next, Vaught expressly intended to convey the entirety of her High Street property -- in fee -- to Hodge. Although that conveyance mistakenly identified the interest in the panhandle portion of the tract as merely an easement, Vaught did not retain the remaining interest in the panhandle in herself -- nor did she convey it to anyone else. There was simply no servient estate to which an easement would be appurtenant. Again, we must interpret an ambiguity in a deed in favor of passing a complete title to the grantee -- Hodge. Because Hodge would have benefitted from any defect in the conveyance, Vaught's entire interest in the property was conveyed to him.

This analysis is confirmed by the 1992 deed, which incorporated the more recently surveyed description of the property to be conveyed. The metes-and-bounds description of the property **specifically includes** the narrow lane joining the High Street property to Cotter Avenue. Although the deed provides that there is a 13.12-foot right of way included within boundary described, an easement cannot exist where a single owner is conveyed **both** the dominant and

servient estate. *See Pulliam v. Wiggins*, 580 S.W.2d 228, 230 (Ky. App. 1978), drawing on antiquity to explain the theory of merger of estates arising out of the rule in Shelley's Case, 1 Co. 93b (1579-81). In fact, there is no evidence to suggest that any interest in the panhandle was ever conveyed to any adjoining landowner, including any of Pingleton's predecessors in interest. In short, there is absolutely no reason to conclude that CIS is not the absolute fee simple owner of the panhandle portion of the tract. Pingleton has no recorded interest in the disputed lane. As this is a matter of law, it is properly subject to adjudication by means of summary judgment.

Therefore, we reverse the judgment of the Pulaski Circuit Court and remand for entry of an order consistent with this Opinion.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Ralph W. Hoskins
Corbin, Kentucky

BRIEF FOR APPELLEE:

Rodney G. Davis
Richmond, Kentucky