RENDERED:  JANUARY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0331-MR

LARRY SCHWING
APPELLANT

v.
APPEAL FROM KNOTT CIRCUIT COURT
HONORABLE KIM C. CHILDERS, JUDGE
ACTION NO. 24-CI-00084

KNOTT COUNTY FISCAL COURT;
JEFF DOBSON, IN HIS OFFICIAL
CAPACITY AS KNOTT COUNTY
JUDGE EXECUTIVE; AND KNOTT
COUNTY
APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND ECKERLE, JUDGES.

COMBS, JUDGE:  Larry Schwing, a Texas resident, appeals the summary judgment of the Knott Circuit Court entered February 25, 2025, in favor of Knott County; the Knott County Fiscal Court; and Jeff Dobson, in his official capacity as Knott County Judge/Executive.  The parties' dispute concerns the status of Ropeworks Branch Road, a roadway crossing Schwing's property.

The circuit court concluded -- as a matter of law -- that: Ropeworks Branch Road is subject to an express easement granted to Knott County; that the county's interest in the road has not been abandoned; that Schwing's action to contest the fiscal court's decision with respect to the road was filed out of time; and that Ropeworks Branch Road provides necessary access to the public and to relatives of those interred at cemetery plots located on property served by the road. After our review, we affirm the court's decision to grant summary judgment.

On December 28, 2022, Schwing bought 200 acres (more or less) in Pinetop. He intended to use the land for hunting trips. In his brief, Schwing explains that discord erupted in the community when he erected a gate to block access to a portion of the road known as Ropeworks Branch in an effort to deter trespassers from reaching his property. Schwing was eventually ordered to open the gate to permit the public to access the entire length of the road.

Webster and Larcena Adams, Schwing's predecessors in interest, acquired this property by deed dated May 1946. In January 1984, they conveyed as easement to Knott County in order for the county to construct and maintain a 15-foot roadway over an old mining road on the Adamses' property. The road was further described as being located "on Ropeworks of Carrs Fork to a distance within approximately 200 feet of the Letcher County line; thence running in a northwesterly direction with the marked stakes to the cemetery."

Schwing does not dispute that the road (or some portion thereof) described in the deed is included in the fiscal court's ordinance of December 1999 chronicling its county road system. Moreover, in February 2024, after this dispute arose, the Knott County Fiscal Court adopted a resolution and enacted an ordinance approving a change to the county road maintenance system. The fiscal court's action extended the length of Ropeworks Branch Road "to match the length of the recorded deed."

On May 17, 2024, Schwing filed a civil action against the fiscal court, the county, and the county judge/executive. In his complaint, Schwing alleged that he was entitled to judgment declaring the county ordinance of 2024 void on the grounds that the fiscal court failed to comply with requirements and procedures for adopting or expanding a road in the county road system. He also alleged that he brought the action pursuant to the provisions of Kentucky Revised Statute (KRS) 178.100 to contest the decision of the fiscal court to adopt or expand the disputed road. Finally, he sought relief through a petition to quiet title, alleging claims for an illegal taking of his property and inverse condemnation. The county, fiscal court, and judge/executive answered and denied the substantive allegations of the complaint.

In December 2024, the county, fiscal court, and judge/executive filed a motion for summary judgment. They contended that the county had a recorded

-3-

interest in the entire length of the disputed road and that Ropeworks Branch Road is a "long-standing public road." A number of affidavits were included in support of the motion.

Schwing filed a response opposing summary judgment. While he conceded that a portion of the disputed roadway is a county road, he argued that beyond his gate and leading to the cemetery lies a private roadway. He contended that genuine issues of material fact concerning the location and terminus of the easement conveyed precluded summary judgment. He also argued that genuine issues of material fact exist with respect to whether the county abandoned the easement beyond his gate by failing to maintain it or to include the entire length of the easement in its 1999 ordinance. He argued that the county's 2024 ordinance is void because it failed to comply with statutory procedures and that the county cannot show that the disputed roadway became a public road through dedication or prescription. Schwing did not dispute the right of relatives to visit those buried in the cemetery and agreed to provide them "reasonable access."

In relevant part, the trial court determined that the interest deeded to the county in January in 1984 constituted an express easement and that the easement had not been abandoned. This appeal followed.

The Kentucky Rules of Civil Procedure (CR) define our task upon review of a summary judgment. CR 56.03. We decide whether the court correctly

-4-

concluded that no genuine issue exists as to any fact material to the legal analysis and that the moving party was entitled to judgment as a matter of law. CR 56.03; *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). Because we consider only legal questions and determine whether there were material facts genuinely at issue, our review is *de novo. Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001). We do not defer to the circuit court's legal conclusions. *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 105 (Ky. 2003) (citing *First Commonwealth Bank of Prestonsburg v. West*, 55 S.W.3d 829, 835 (Ky. App. 2000)).

An easement may be created by express written grant, implication, prescription, or estoppel. *Loid v. Kell*, 844 S.W.2d 428, 429 (Ky. App. 1992). Because the easement at issue in this case was created by the Adamses with the formalities of a deed, it is an express easement. Therefore, the terms of the conveyance determine the rights and liabilities of the parties. *See Texas E. Transmission Corp. v. Carman*, 314 S.W.2d 684, 687 (Ky. 1958) (citing *Puckett v. Hatcher*, 307 Ky. 160, 209 S.W.2d 742, 744 (1948)).

With respect to an express easement for a road or passway, the servient owner must permit the free and unrestricted use of the passway by the owner of the dominant estate (*i.e.*, the easement). *Sandman v. Highland*, 312 Ky. 128, 226 S.W.2d 766, 768 (1950) (citing *Jenkins v. Depoyster*, 299 Ky. 500, 186 S.W.2d 14 (1945)); *Wells v. N.E. Coal Co.*, 255 Ky. 63, 72 S.W.2d 745 (1934).

Moreover, the owner of an easement is not strictly limited to the purposes for which the easement had been used historically. *Cameron v. Barton*, 272 S.W.2d 40 (Ky. 1954).

The road referred to in the easement was in existence at the time the interest was conveyed to the county by the Adamses. Its historical location was defined and well known. It has existed for generations, and the county's affidavits confirm the widespread agreement with respect to its current location. Nevertheless, Schwing argues that the court erred by granting summary judgment because he contends that the true location of the easement has not been established.

In his complaint, Schwing alleged specifically that the easement granted to the county in 1984 does not encompass "the primitive road" that continues through his property past the gate he erected. In support of his position, Schwing reports in his brief that a survey (undertaken in March 2024) shows that the "1984 easement, which followed an 'existing mining road' is not in the same location as the current dirt road being used by the public and claimed by the County" and "shows the original easement has become 'overgrown and impassable.'" Schwing's arguments are not persuasive.

First, we can find no confirmation of Schwing's representations concerning the survey. The survey simply provides that it is subject to all right of ways, easements, reservations, restrictions, and conveyances of record. It does not

provide that the easement conveyed varies from the road as it currently exists on the ground or that it is overgrown or impassable. On the contrary, Schwing's own photographs reveal a well-traveled roadway. Second, and more importantly, a right of way is not typically extinguished by the habitual use by its owner of another way in its place. *See Johnson v. Clark*, 57 S.W. 474, 475 (Ky. 1900) (the closing of a gate by one who is entitled to a passway over another's land, and the opening of a way several hundred yards to one side, did not extinguish the right of way originally laid out).

In the alternative, Schwing argues that the circuit court erred by failing to conclude that the county completely abandoned its interest in the easement because it failed to offer proof that it consistently used and maintained the length of the roadway. Furthermore, he suggests that the fiscal court's failure to include the full length of the roadway in its county road system by its December 1999 ordinance "creates a strong inference that the County abandoned the easement [as it existed past his gate]." These arguments, too, are meritless.

Schwing concedes that abandonment of an easement acquired by grant cannot be shown by nonuser. *See Morris v. Daniel*, 183 Ky. 780, 210 S.W. 668 (1919). Where an easement is created by deed there is no duty upon the owner of the dominant estate to use it as a condition to his right to retain the deeded interest. *Schade v. Simpson*, 295 Ky. 45, 173 S.W.2d 801, 803 (1943). The right

to the use is **never** extinguished by mere failure to exercise it *no matter the duration of nonuser*. *Johnson*, *supra*, 57 S.W. at 475.

Abandonment occurs only where, in conjunction with nonuser, there is a denial of title or facts and circumstances showing an unequivocal intention on the part of the owner of the easement to abandon it. *Id.* Additionally, the owner of the servient estate (*i.e.*, an estate burdened by an easement) must have relied or acted upon the easement owner's manifest intention to abandon the right. *Id.*

The easement at issue here was not extinguished by the county's intermittent use or nonuse of its interest. No action and/or inaction of the county with respect to the road as argued by Schwing can be taken as wholly inconsistent with the existence of its easement. The county simply did not manifest an unequivocal intention to abandon its right in the easement. Furthermore, Schwing does not allege that he relied to his detriment upon any such manifest intention of the county to abandon its interest. Under the circumstances, the mere fact that the county did not use or maintain the entire length of the easement is irrelevant. *See Stegman v. City of Ft. Thomas*, 273 Ky. 309, 116 S.W.2d 649 (1938).

Schwing next argues that summary judgment was improper because he was not afforded an adequate opportunity to complete discovery. He contends that the county's responses to written discovery were untimely, unverified, and incomplete. He maintains that if he had been permitted adequate time to engage in

additional discovery -- namely, taking depositions of the county's magistrates, he could have more fully developed the facts of his case. We disagree.

Generally, summary judgment is proper only where the party opposing the motion has been given ample opportunity to complete discovery and then fails to offer controverting evidence. *Suter v. Mazyck*, 226 S.W.3d 837, 841 (Ky. App. 2007) (citing *Pendleton Bros. Vending, Inc. v. Commonwealth Finance & Administration Cabinet*, 758 S.W.2d 24, 29 (Ky. 1988)). However, "[i]t is not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford Ins. Group v. Citizens Fidelity Bank & Trust Co.*, 579 S.W.2d 628, 630 (Ky. App. 1979).

Schwing has not explained what facts essential to justify his opposition to summary judgment are potentially available to him yet remain undiscovered. The existence of the easement is a matter of public record; its construction is a matter of law. Furthermore, Schwing acknowledges the fact of the easement and the existence of a roadway to which it is addressed. Given the straightforward facts of this case and the state of the relevant jurisprudence, we are persuaded that Schwing had adequate time to complete discovery. *See Suter*, 226 S.W.3d at 842 (explaining whether a party had sufficient time to complete discovery must be determined "within the context of the individual case"); *see also Neal v. Welker,* 426 S.W.2d 476, 479–80 (Ky. App. 1968) (emphasizing that the

appellant's "hope or bare belief . . . that something will turn up" cannot be the basis for showing that a genuine issue as to a material fact exists). No amount of discovery would change the material facts underlying the circuit court's judgment.

Because the county, fiscal court, and county/judge executive were entitled to summary judgment, and the appeal has been resolved on the basis of the recorded easement, Schwing's remaining arguments are rendered moot. We need not discuss them further.

The trial court did not err by granting summary judgment, and we affirm its judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jacob Thomas Moak
Prestonsburg, Kentucky

BRIEF FOR APPELLEES:

Jonathan C. Shaw
Paintsville, Kentucky