334    SUPREME COURT OF INDIANA,

The Fort Wayne, Cincinnati and Louisville Railroad Co. v. Sherry et al.

No. 14,420.

## THE FORT WAYNE, CINCINNATI AND LOUISVILLE RAILROAD COMPANY v. SHERRY ET AL.

RAILROAD.—*Right of Way.*—*Deed for.*—*Quantity of Land Acquired by Grantee.*
—Where a deed conveyed to a railroad company "The right of way for
its railroad, and the right to construct said railroad agreeably to, and
in accordance with, the laws of the State of Indiana, known and desig-
nated as 'An act to provide for the incorporation of railroad companies,'
approved May 11th, 1852, and all amendatory acts thereto passed by
the Legislature, and to construct said railroad over and through the
tract of land held and owned by the grantor in Fayette county, Indi-
ana, to wit, along the line of said railroad as now located," the deed did
not necessarily vest in the grantee land six rods in width, the statute
providing that a railroad company may acquire that quantity of land
for its right of way, but only the quantity of land actually taken and
used by the grantee.

From the Henry Circuit Court.

*G. C. Florea, J. H. Mellett, E. H. Bundy, R. C. Bell* and
*S. R. Morris,* for appellant.

*R. Conner, H. L. Frost, J. Brown* and *W. A. Brown,* for
appellees.

ELLIOTT, J.—The appellant claims title to a strip of
ground, and bases its claim upon a deed reciting that the
grantor conveys "to the Connersville and New Castle Junc-
tion Railroad Company the right of way for its railroad, and
the right to construct said railroad agreeably to, and in ac-
cordance with, the laws of the State of Indiana, known and
designated as 'An act to provide for the incorporation of rail-
road companies,' approved May 11th, 1852, and all amenda-
tory acts thereto passed by the Legislature, and to construct
said railroad over and through the tract of land held and
owned by the grantor in Fayette county, Indiana, to wit:
along the line of said railroad as now located."

The contention of the appellant's counsel is, in effect, that
as the statute provides that a railroad company may acquire

land six rods in width, the grantee did, by force of the conveyance, acquire that quantity of land. The appellees' counsel insist that the deed does not necessarily vest in the appellant the quantity of land claimed, but that the quantity actually taken and used by the grantee determines its rights.

The law is with the appellees. The deed does not designate, nor profess to designate, the quantity of land conveyed, and the quantity conveyed can only be ascertained by the aid of extrinsic evidence. The fact that the statute provides that a railroad company may acquire a right of way six rods in width, does not definitely fix the rights of the parties. A railroad company is not bound to purchase a strip six rods in width, nor can it be implied from such a deed as the one before us that it obtains, by gift or by purchase, a right to that quantity of land. Certainly, no one would contend that a company could be held liable for dangerous places in land not acquired, although they might be within the limits of a strip six rods in width, for it is clear that it can only be liable for negligence respecting land actually forming part of its right of way; and yet, if in every instance it acquires a strip six rods in width it will be liable, although, in fact, its right of way may not be more than half the width mentioned in the statute. It is, however, unnecessary to discuss at length the question, for our decisions authoritatively settle it. *Indianapolis, etc., R. R. Co.* v. *Reynolds,* 116 Ind. 356; *Lake Erie, etc., R. W. Co.* v. *Michener,* 117 Ind. 465 (*vide* p. 469); *Cincinnati, etc., R. W. Co.* v. *Geisel,* 119 Ind. 77; *Indianapolis, etc., R. R. Co.* v. *Lewis,* 119 Ind. 218.

The cases to which we have referred determine all the questions in the record against the appellant.

Judgment affirmed.

Filed Nov. 22, 1890; petition for a rehearing overruled Dec. 16, 1890.