## Fishback v. Glasgow Railway Company.

(Decided October 6, 1910.)

Appeal from Barren Circuit Court.

Railroads—Right of Way—Width of Land Owned.—Held, that the uncontradicted testimony in this case is that the width of the strip of land claimed by appellee on which the railroad is located, is thirty-three feet.

GARDNER, JONES & WOOD for appellant.

PORTER & SANDIDGE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant, Mrs. Fishback, instituted this action in May, 1909, against appellee, and for cause of action alleged that appellant had committed repeated trespass on her real estate, and had negligently permitted sparks to emit from the smokestacks of its engines and set fire to and destroy her fence rails, to her damage in the sum of $1,000. Appellee answered denying the trespass upon and injury to her real estate. Shortly after this answer was filed, it filed an amended answer setting forth the fact that it had a settlement with her and paid her for the destruction of the rails. Appellant confessed this and immediately filed an amended petition in which she alleged, in substance, that appellee by reason of possession had a legal title to a strip of land eight feet wide through her land, over which the railroad had been, for more than fifteen years, operated, and alleged that she was the owner and in possession of all the rest of the land contained in her boundary, and that appellee was setting up claim to a part thereof and had been trespassing upon same with force and arms against her consent. Appellee answered this amended petition and denied that its ownership was confined to a strip of land eight feet wide through appellant's land, and alleged that it owned and occupied a strip of land sixty-six feet wide, that is a strip

on each side of the center line of its railroad track, thirty-three feet in width; that it had owned, been in possession of and claimed it as its own for more than thirty years. The issues were completed, and on a trial the lower-court dismissed appellant's petition.

Appellant attempted to maintain her cause of action under section 11, Kentucky Statutes, to quiet her title and possession by removing the alleged cloud cast upon her land by the alleged wrongful claims and acts of appellee. It is shown by the testimony that one William Dickinson once owned appellant's survey of land; that he conveyed it to James F. Dickinson, his son; that it passed from him by deed to another, and by intermediate conveyances to C. W. Anderson, who conveyed it to appellant in 1897. There was no reservation of a railroad right of way made in any of these conveyances; the railroad was only mentioned in stating where the lines crossed it. Appellee claims to own this right of way under the following writing, dated July 3, 1857, which was signed by the then owner of the land, William Dickinson, to-wit:

"Know all men by these presents, that we the undersigned subscribers and each of us, in consideration that the Barren County Railroad Company will locate the line of their railroad through our respective lands, do hereby respectively grant, bargain, sell, convey and quit claim unto said company the right of way for said road over our respective lands and over such parts and portions thereof as the said company, by their engineers may determine, not to exceed the usual width. Nothing herein shall be construed as binding said company to locate their said road over or through our lands or any of them."

William Dickinson signed this writing prior to his conveyance to his son, James. There is no testimony showing that the engineer of the railway company determined the width of the right of way, but appellee's testimony shows without contradiction, that the necessary and usual width of railroad rights of way in that county was sixty-six feet, and that it had cleared and kept free from weeds and other vegetation, a strip of that width through appellant's land ever since the railroad was constructed, which was more than thirty years ago. Appellant's testimony shows that she and her tenants had pastured the land on each side of the railroad track, and that the stock had grazed to the end of the ties, for the same length of time, and that her tenants had cultivated this disputed strip, or portions thereof, for

many years. It is not necessary for us to pass upon the question of adverse possession. The writing executed by William Dickinson to the Barren County Railroad Company the remote vendor of appellee, was acknowledged and recorded in the county court clerk's office long before she became the owner of the land, and she knew, or, at least, is presumed to have known, that Dickinson had disposed of the right of way through the land of the usual width which was necessary to the proper use and operation of the railroad. As stated, the uncontradicted testimony is to the effect that the width of the strip claimed by appellee and which is in dispute, was and is proper for the purpose stated. Therefore, the lower court committed no error in dismissing appellant's petition, and the judgment is affirmed.