## Justice et al. v. Justice et al.

(Decided May 19, 1931.)

156

E. J. PICKLESIMER for appellants.

O. A. STUMP and WILLIS STATON for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

In October, 1912, A. E. Justice and Vicy Justice conveyed to W. H. Justice, Jr., a tract of land by general description. Incorporated in the deed was this provision:

"Except and observe out of this deed of conveyance from Vicy Justice to W. H. Justice, Jr., a right of way for railroad purpose and all rights and privileges for railroad purposes, and said railroad company is to have the privilege of to work over said land of right of way whatever such boundary of said right of way from said railroad purpose and to me said land whenever at any time, they to have and to hold and to work over to have all the minerals, salt water, gas and oil and all that has not been sold on said right of way and for all other transportations over said right of way, also on or about 50 trees of merchantable timber excepted with privilege to haul it to river."

The validity of this exception or reservation—it is not essential to make the distinction—is presented in this case.

In February, 1929, the grantors in the foregoing deed contracted to sell and convey to the Levisa River Railway Company a described right of way 1,370 feet long and containing 4.78 acres, over the land covered by that instrument. A suit for specific performance of this

contract was filed by the grantors against the railway company, which denied that the plaintiffs had any title to the property and were therefore unable to comply with their executory agreement. W. H. Justice and Maude Justice, to whom W. H. Justice had conveyed the land, were made parties to the suit and set up a claim to the property.

It appears that there was pending at the same time a condemnation proceeding by the railway company covering this right of way, and it was transferred to the circuit court to determine the matter of title. The railway company deposited with the master commissioner $3,000 in payment of the amount adjudged against it for the value of the right of way. The proceeding was consolidated with this suit, and a judgment entered sustaining a demurrer to the answer and cross-petition of W. H. Justice and Maude Justice and adjudging that A. E. Justice and Vicy Justice were entitled to the $3,000 and to recover his costs.

It is contended that the exception or reservation in the deed is too vague, ambiguous, and indefinite to be given effect; that such a reservation, to be valid, must conform to the rule respecting description of land conveyed; that is, the property must be capable of identification. The further issue of abandonment and loss through adverse possession is raised, but its decision is obviated by our conclusion as to the first proposition.

In construing an inartificially expressed instrument, the intention is to be deduced from a liberal and fair consideration of its entire language, Babb v. Dowdy, 229 Ky. 767, 17 S. W. (2d) 1014, with any ambiguity or uncertainty as to the nature or extent of an exception or reservation resolved in favor of the grantee, Towns v. Brown (Ky.) 114 S. W. 773; Frisbie v. Bigham Masonic Lodge, 133 Ky. 588, 118 S. W. 359; Higdon v. Nichols, 204 Ky. 56, 263 S. W. 665.

The rest of the deed of which it is a part is in clear and formal language; but the draftsman of this clause almost missed the purpose of language—to express an idea by words.

Stripping it of surplusage and irrelevant portions, and seeking out the intention of the parties, there appears through its crudities a purpose to except or reserve from the conveyance a right of way, with its concomitant privileges, for the future use by a railroad company.

The applicable law is thus given in section 1011a, Devlin on Deeds:

"A deed is void in which the description is so uncertain as to be meaningless and the deed supplies nothing to enable the premises to be identified. . . . A description is not sufficient where the land cannot be located without an arbitrary discretion."

Whether the clause under consideration should be construed as a reservation of an easement and measured by a liberal standard of construction to give it validity, or as an attempt to carve out and except a portion of the land conveyed with retention of the fee and a stricter rule he applied, need not be determined, for in either event the description is too general and the terms too vague and indefinite to be given effect. The retained right of way was given no situs, and its limits were in no way delineated. It may have taken the entire tract had a railroad company found that necessary. Compare Illinois Central R. R. Co. v. Taylor, 164 Ky. 150, 175 S. W. 26. It had no breadth or length, no beginning or ending. As a matter of fact, it developed that when a railroad company, about sixteen years thereafter, did condemn a right of way, it took a strip of considerable dimensions and of a value seven and a half times the purchase price of the entire property. It seems to have damaged improvements placed upon the property since its sale to the appellants.

In Hoard v. Huntington & Big Sandy R. R. Co., 59 W. Va. 91, 53 S. E. 278, 8 Ann. Cas. 929, it was held, in construing the provisions of an instrument not nearly so indefinite as the one before us, that a deed granting a railroad company a right of way is ineffective unless it contains a description sufficient to identify the land or such a description as by resort to evidence will enable the land to be identified.

Occasionally there is made applicable to the location of an ordinary easement comprehending the mere right to use a passway a "wheresoever" doctrine, giving the first right of designation of place to the owner of the servient estate, but, upon his failure to locate the easement upon request, permitting the owner of the easement the right to select a suitable route. 9 R. C. L. 791; Chesapeake & O. Ry. Co. v. Richardson, 98 S. W. 1042, 30 Ky. Law Rep. 426. But that broad doctrine should

not be applied to an easement—if it be an easement only —of such magnitude that it all but destroys the servient estate. Nor can there be applied the rule that, where the exception is of a certain quantity of land out of a large tract, the uncertainty of location can be cured by the grantor making a selection within a reasonable time, for there was no quantity mentioned in this clause and the grantor made no seasonable or reasonable selection. Stephens v. Terry, 178 Ky. 129, 198 S. W. 768.

Under the statute of frauds (section 470, Kentucky Statutes), the contract or memorandum respecting the conveyance of land must itself furnish some means of identification, and, unless it does, the contract is within the statute. McCulloch v. McCombs Producing & Refining Co., 191 Ky. 518, 230 S. W. 917. Excluding a certain class of exceptions not pertinent here, where a deed is valid and only the exception is void for uncertainty or vagueness, the grantee has the benefit of the defect and title to the whole tract passes to him; the exception alone being void. Stephens v. Terry, supra; Section 1013c, Devlin on Deeds.

We have several cases involving the width of a railroad right of way where the conveyances were not definite but where the railroad had long since been constructed. Maysville & Big Sandy Railroad Co. v. Ball, 108 Ky. 241, 56 S. W. 188, 21 Ky. Law Rep. 1693; Fishback v. Glasgow Ry. Co., 140 Ky. 155, 130 S. W. 982; Illinois C. R. R. Co. v. Taylor, 164 Ky. 150, 175 S. W. 26. See also Ft. Wayne, C. & L. R. Co. v. Sherry, 126 Ind. 334, 25 N. E. 898, 10 L. R. A. 48; Seaboard Air Line Ry. v. Olive, 142 N. C. 269, 55 S. E. 263; annotations, 5 L. R. A. (N. S.) 851. But in none of them was the validity of the conveyances as to sufficiency of description involved as it is here.

We are constrained to hold that the reservation or exception is void, and that the lower court improperly adjudged appellees entitled to the proceeds realized from the railroad company's condemnation.

The judgment is accordingly reversed, with directions to enter a judgment consistent with this conclusion.