## Carr et al. v. Baldwin et al.

Nov. 23, 1945.

Stephens & Steely for appellants.

H. H. Owens, W. B. Early, and L. O. Siler for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

On August 17, 1943, George Lawson and wife conveyed a small lot to the trustees of the Cumberland Valley Advent Christian Conference to be used for church purposes. The lot adjoined an old graveyard, and was described as follows:

"Beginning at a stone in the northeast corner of Peace graveyard; thence northward course 50 feet; thence a westward course 75 feet to a stone; thence a southward course 50 feet to a stone at the fence of the graveyard; thence an eastward course 75 feet with the fence of the graveyard to the beginning."

A church building was erected on the lot, and on February 24, 1945, the heirs at law of J. W. Carr, deceased, brought an action against the trustees of the church and George Lawson and wife alleging that they were the owners of the lot. They asked that their title be quieted, and that the trustees of the church be required to remove the building from the lot. The defendants demurred to the petition, the demurrer was sustained, and the plaintiffs declined to plead further. From the judgment dismissing their petition, the plaintiffs have appealed.

It was alleged in the petition that on April 2, 1906, J. W. Carr conveyed to Robert Peace and Martha Peace, his son-in-law and daughter respectively, 22.30 acres of land situated on the waters of Big Poplar creek in Whitley county. A copy of the deed was filed with and made a part of the petition. After describing the tract of land by metes and bounds, the deed contained this: "Reserving 1 acre at the old Peace graveyard." Robert Peace and Martha Peace conveyed the 22.30-acre tract of land

to Sam Croley on June 24, 1927. Croley conveyed it to George Lawson on March 31, 1930. The petition alleged that the lot conveyed to the church by George Lawson was part of the 1 acre reserved by J. W. Carr in the deed of April 2, 1906. Although the Carr deed referred to the 1-acre tract as a reservation, actually it was an exception. The distinction between reservations and exceptions contained in conveyances of real property is pointed out in Stephan v. Kentucky Valley Distilling Company, 275 Ky. 705, 122 S. W. 2d 493. The question is: Was the land embraced in the exception described with sufficient definiteness and certainty? If not, the petition failed to state a cause of action, and the court properly sustained the demurrer thereto. The court in its judgment stated:

"The court * * * finds that the reservation contained in the deed, copy of which is attached to the petition in equity and on which this action is based, is too vague and indefinite and has such lack of certainty as to the location of the one acre, sought to be reserved as to be impossible of judicial identification."

Land embraced in an exception must be described with the same definiteness and certainty that is required when describing the property granted. Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442. The description in the Carr deed was merely "1 acre at the old Peace graveyard." Apparently it was the intention of the grantor to except out of the grant 1 acre, including the old Peace graveyard, although this is not clear. There was an old burial plot known as the Peace graveyard, but its size does not appear. It does appear that it was surrounded by a fence at the time the deed from Lawson to the trustees of the church was made. Whether the exception in the Carr deed included this old graveyard, or was to adjoin it, a description from which its shape and location can be ascertained is wholly lacking.

Where a deed is valid and only the exception is void for uncertainty or vagueness, the title to the whole tract passes; the exception alone being void. Justice v. Justice, 239 Ky. 155, 39 S. W. 2d 250. Appellants attempted to bring the case within the exception to the foregoing rule set forth in Stephens v. Terry, 178 Ky. 129, 198 S. W. 768, 771. In the Stephens case the court said:

"If a description of an exception is that it is a cer-

tain quantity out of a larger tract, the grantor can cure the uncertainty by a selection of the excepted quantity, and in such case the exception is not void if the grantor makes the selection within a reasonable time. This principle is in accordance with the text in 13 Cyc. 679, where it is said:

" 'An exception should describe the property with sufficient certainty. Uncertainty or vagueness of description renders a reservation void, unless there is something in the exception, deed, or evidence whereby it can be made sufficiently certain. Uncertainty of location can, however, in a proper case, be cured by the grantor's election within a reasonable time, followed by acts in pais.' "

The appellants alleged in their petition that J. W. Carr in his lifetime placed cornerstones and markers at the corners of the one acre plot of ground reserved by him as a family burial plot, and that two of the markers were beyond a fence erected around a part of the reserved tract. It was alleged in the petition that J. W. Carr died "about the year 1933," and in appellants' brief it is stated that he died in 1935. In any event, he died long after his grantees had conveyed the 22.30-acre tract of land to Sam Croley and after Croley had conveyed it to the appellee George Lawson. It is nowhere alleged that Carr went upon the ground and marked the excepted plot with the knowledge or consent of the grantee. If was necessary that appellants allege facts showing that the grantor made the selection within a reasonable time. This they failed to do.

In view of the familiar rule that pleadings are to be construed most strongly against the pleader and that no presumptions in his favor will be indulged in, the circuit court properly sustained the demurrer to the petition.

The judgment is affirmed.