**JENKINS CO. v. RAMEY et al.**

Court of Appeals of Kentucky.

May 8, 1951.

Combs & Combs, Prestonsburg, for appellant.

Napier & Napier, C. W. Napier and C. W. Napier, Jr., all of Hazard, for appellees.

VAN SANT, Commissioner.

The action was instituted by appellees against appellant to try title to the mineral rights in and under a small boundary of real estate upon which appellant's lessee has produced and is now operating a gas well. The Chancellor rendered judgment for appellees who claim under an exception contained in a deed executed by their ancestor, John Ramey, to Nathan Bolen and Mary J. Bolen, on March 13, 1907.

The deed containing the exception conveyed one hundred fifty acres of land, the exception being in the following words, to-wit: "With the exception of all the mineral rites (sic) on one hundred acres more or less."

In Carr v. Baldwin, 301 Ky. 43, 190 S.W.2d 692, 693, 162 A.L.R. 285, the rule in respect to the validity of an exception is stated in the following words: "Land embraced in an exception must be described with the same definiteness and certainty that is required when describing the property granted."

The author of that opinion recognized an exception to the rule, which is: that where an exception is described as a certain quantity out of a larger tract, the grantor may cure the uncertainty by electing to do so within a reasonable time, followed by an act in pais. Stephens v. Terry, 178 Ky. 129, 198 S.W. 768.

It cannot be contended that the land embraced in the exception is described with any degree of definiteness or certainty; in fact, language more vague could scarcely have been chosen. Neither is there anything contained in the record which even suggests that the grantor ever attempted to cure the uncertainty of description, nor that any descendent of the grantor ever contended that he was the owner of the mineral rights until after gas was produced. Where a deed otherwise valid contains an exception which is void for uncertainty or vagueness, the title to the whole tract passes to the grantee. Justice v. Justice, 239 Ky. 155, 39 S.W.2d 250.

It is apparent that appellees have failed to establish their title; and, since, whether the suit be at law or in equity, a plaintiff's right to recover depends on the strength of his own title and not on the weakness of that of his adversary, it is unnecessary for us to determine the strength of appellant's (defendant's below) title in this action. Monroe v. Rucker, 310 Ky. 229, 220 S.W.2d 391; Whitson v. Morris, 304 Ky. 447, 201 S.W.2d 193.

The judgment is reversed with directions that it be set aside and that another be entered dismissing the petition.