# DOTSON

## v.

## KENTLAND COAL & COKE CO. et al.

Court of Appeals of Kentucky.

Feb. 26, 1954.

J. E. Childers, Francis M. Burke, Pikeville, for appellant.

Hobson & Scott, Pikeville, for appellees.

DUNCAN, Justice.

This appeal is from a judgment decreeing invalid an exception which appears in a conveyance of coal and minerals.

On March 26, 1903, G. W. Dotson conveyed to Northern Coal & Coke Company the coal and minerals under 720 acres of land in Pike County. The deed contains this exception: "Grantor G. W. Dotson reserves five acres on the west side of Dicks Fork of Feds Creek near where the bank is now opened." Appellant, Mary J. Dotson, is the owner of the surface and acquired by deed from G. W. Dotson all of his title to the excepted minerals. Appellee, Kentland Coal & Coke Company, is the successor in title of Northern Coal & Coke Company.

An open coal bank was located on the land at the time of the conveyance, and the appellant and her grantor have continuously mined and removed coal from this bank since the execution of the deed in 1903. The mining of coal from this opening seems to have been limited to such quantities as were necessary for the domestic use of the Dotsons and their neighbors until early in 1949, when appellant's son commenced mining on a commercial basis. At that time, appellant made a survey for the purpose of marking the boundary of the 5-acre exception. No complaint was made by appellees concerning the removal of coal until sometime in 1949. In December of that year, appellees instituted this action to quiet title and recover the value of coal removed by appellant. The lower court held the exception invalid, quieted appellees' title, and referred the case to the master commissioner for an accounting on the amount and value of coal mined by appellant.

 Kentucky, with a majority of the states, is committed to the view that land embraced in an exception must be described with the same definiteness and certainty that is required when describing the property granted, and if the exception is not described with certainty, the grantee is entitled to the benefit of the defect. Justice v. Justice, 239 Ky. 155, 39 S.W.2d 250; Carr v. Baldwin, 301 Ky. 43, 190 S.W.2d 692, 162 A.L.R. 285; Jenkins Co. v. Ramey, Ky., 239 S.W.2d 458. An exception to the general rule, likewise recognized by a majority of the jurisdictions, is that where an exception is described as only a certain

quantity of land out of a larger tract, the grantor can cure the uncertainty in the description of the excepted area by a selection of the excepted quantity, in which case the exception is not void if the selection is made in a reasonable time. Pima Farms Co. v. McDonald, 30 Ariz. 82, 244 P. 1022; Stephens v. Terry, 178 Ky. 129, 198 S.W. 768.

■ Assuming, without deciding, that the description in this deed is insufficient to identify the 5 acres of coal which are excepted, the defect is cured if the appellant's possession and use of the coal bank are sufficient to bring her within the rule of Stephens v. Terry, supra. Neither that case nor those from other states in which the rule is applied indicates the exact manner in which the selection of the excepted area shall be made. We doubt that any hard and fast rule applicable to all situations would be practical since the manner of selection and means of identification would necessarily vary as depending on the facts and circumstances of each case. Here, the exception was of coal and minerals. Immediately after the execution of the deed in 1903, the grantor commenced removing coal through the open bank referred to in the exception. These operations were continued for some forty-six years without complaint or objection from appellees or their predecessors in title. Under the circumstances, we think this amounted to a selection of the coal most accessible to that opening.

Appellees argue that there is nothing to indicate whether the excepted area is to be in the shape of a circle, semicircle, or square, or whether the open bank is intended to be in the center or in some other part of the 5-acre boundary. It is insisted that the only way by which the selection could have been made definite and certain was by immediately going upon the ground and laying off and marking the excepted boundary. Although the method suggested would certainly have been more definite and satisfactory, we do not think it was required under the facts of this case. The use of the open bank amounted to a clear notice to appellees that the bank was to be somewhere in the excepted area and that the coal accessible to that bank was to be mined. If appellees' agents were uncertain as to the location of the excepted coal, they could have required a more definite location at any time. After permitting the use of this coal bank for forty-six years, appellees cannot now invoke the aid of a court of equity simply because appellant did not do all that she might have done in marking the exterior boundaries of the excepted area.

The judgment is reversed with directions to lay off to the appellant 5 acres of coal most accessible to the open bank now located on this land.