**Gary GREENE and Patricia Greene, Appellants**

**v.**

**GREENUP COUNTY, Kentucky; Linda Gayle Massie; and Ernest Bailey, Appellees**

**NO. 2014-CA-000236-MR**

Court of Appeals of Kentucky.

May 29, 2015; 10:00 A.M.

Appeal dismissed March 21, 2016

**464**

BRIEF FOR APPELLANTS: David M. Ward, Winchester, Kentucky

BRIEF FOR APPELLEES LINDA GAYLE MASSIE AND ERNEST BAILEY: James W. Lyon, Jr., Greenup, Kentucky

BEFORE: DIXON, STUMBO AND VANMETER, JUDGES.

---

## OPINION

### VANMETER, JUDGE:

Gary and Patricia Greene appeal from the judgment of the Greenup Circuit Court, denying their motion for summary judgment and disposing of their petition for judicial review. The Greenes had sought judicial review of a Greenup County Fiscal Court action which closed a county roadway that provides access to their property. In closing the roadway, the fiscal court determined that the road was not "necessary" as that term is used in KRS[1] 178.116(1)(b) because the Greenes had other access to their property; the trial upheld the fiscal court's decision. We hold that the fiscal court and the trial court erred in their determination of "necessary access" and therefore vacate the trial court's judgment and remand to that court.

The facts are not in dispute. In 1996, the Greenes bought an approximately 77–acre parcel of undeveloped, rural property in Greenup County, Kentucky. The parcel is effectively "landlocked," with no direct means of ingress or egress. For several years, the Greenes operated under a verbal agreement with adjoining landowner Ramey Fletcher to use a passway over his property. After Fletcher died, one of his heirs, Ina Fletcher Akiyama, gave the Greenes oral permission to continue using the passway to access their parcel.

In October 2012, the fiscal court conducted a hearing for the purpose of determining whether to close County Road 110, which bisects and provides access to the Greenes' parcel according to county road maps from 1937 and 1954. It appears that the roadway would close by operation of statute and that the Greenes, as petitioners, initiated a fiscal court action to keep the roadway open. The Greenes acknowl-

---

1. Kentucky Revised Statutes.

edged at the hearing that the roadway did not serve a public need and that it had not been maintained or policed by the county or state within the preceding three years. However, the Greenes maintained that the roadway was "necessary" as defined by statute because the only alternative access to their parcel was via the permissive passway over the Fletcher parcel—a permissive use that was temporary and oral in nature. Indeed, Akiyama testified that the Greenes could continue to access their parcel over the Fletcher property, but she steadfastly refused to memorialize the easement in writing. After considering the testimony, the fiscal court determined that County Road 110 was not "necessary" as that term is used in KRS 178.116(1)(b), and decided to close it. In support of its conclusion, the fiscal court noted that the Greenes could access their parcel via the permissive passway over the Fletcher parcel.

The Greenes then sought review of the fiscal court's decision in Greenup Circuit Court. They asserted that because the Fletcher easement was subject to termination by Akiyama without notice, County Road 110 was the only means of reliable access to their parcel and therefore should have been characterized as "necessary." The circuit court opined that an access was not "necessary" merely because the passway is preferred to another means of access. Since other access was available to the Greenes' parcel, i.e., over the Fletcher property, the circuit court determined that the fiscal court's decision to close the roadway was not arbitrary. The circuit court denied the Greenes' motion for summary judgment, and upheld the action of the fiscal court. The Greenes now appeal.

■ On appeal, the Greenes assert that the circuit court erred in upholding the fiscal court's decision. They contend that County Road 110 provides them with "nec-essary access" to their land as that term is utilized in KRS 178.116 and the fiscal court's failure to make this determination constitutes an unlawful taking of property prohibited by the constitutions of Kentucky and the United States.

■ The appellate standard for reviewing the construction and application of statutes is *de novo*. *Richardson v. Louisville/Jefferson County Metro Gov't*, 260 S.W.3d 777, 779 (Ky.2008). KRS 178.116 states:

> (1) Any county road, or road formerly maintained by the county or state, shall be deemed discontinued and possession shall revert to the owner or owners of the tract of land to which it originally belonged unless at least one (1) of the following conditions exists:
>
> (a) A public need is served by the road;
>
> (b) The road provides a necessary access for a private person;
>
> (c) The road has been maintained and policed by the county or state within a three (3) year period.

The parties agree that County Road 110 does not serve a public need and has not been maintained or policed by the county or state within a three-year period. The dispositive question, then, is whether section (b) is implicated, i.e., whether County Road 110 provides "necessary access" for the Greenes. For purposes of KRS Chapter 178, "necessary access" includes "access to any farm, tract of land, or dwelling, or to any portions of such farm, tract of land, or dwelling." KRS 178.116(5).

In a relatively recent, unpublished case, a panel of this court adopted a federal court's interpretation of the phrase "necessary access," commenting that " '[a]ccess is not necessary merely because it is the preferred or easier route compared to another way.' " *Muse v. Banks*, 2010–CA–000101–MR, 2010–CA–000150–MR2011,

2011 WL 831970, at *3 (Ky.App.2011) (quoting *Scott v. Garrard County Fiscal Court,* 2010 WL 1038211, at *4 (E.D.Ky. 2010)).[2] This court further stated, "[t]he legislature intentionally and with a specific purpose included the term 'necessary' several times within KRS 178.116. We are compelled to accord meaning to the term and construe the statute in such a manner as to render it effective in its entirety." *Muse,* 2011 WL 831970, at *3. The term "necessary" within the context of access to or from private property and the public highways has a long history in Kentucky statutory and case law, and has not been used to denote "absolute necessity." *See, e.g., Louisville & Nashville R.R. Co. v. Ward,* 150 Ky. 42, 44, 149 S.W. 1145, 1146 (1912) (in interpreting Ky. Stat. § 4348,[3] "the word 'necessary' in the statute is not to be read as though the words were 'absolutely necessary[ ]' "); *Vice v. Eden,* 113 Ky. 255, 262, 68 S.W. 125 (1902).

While the Greenes have a temporary means of accessing their property via the Fletcher parcel, as a matter of law, a limited, permissive easement can never ripen into a permanent, legal right of ingress and egress. *See, e.g., Stephens v. Hamblin,* 195 Ky. 428, 430, 242 S.W. 597, 598 (1922) (noting that "if the use of the passway at its inception is shown to have been permissive, no length of use will ripen it into a right"). And, in *Ward,* Kentucky's highest court rejected the argument that "a temporary outlet by permission over [a] neighbor's land" supplied a reasonable alternative to necessary access. 150 Ky. at 44, 149 S.W. at 1146. Here, Akiyama unequivocally testified that she was unwilling to grant a permanent easement across her property for the benefit of the Greenes' property. She further testified as to certain conditions which would impact her continued permission.

▪ ■ Kentucky case law further recognizes that "the landowner along a county road has a property right of reasonable access to the public highway system." *Dep't of Highways v. Jackson,* 302 S.W.2d 373, 374 (Ky.1957). A "property right" implies free use, the ability to exclude others, and the ability to transfer. *See Southland Dev. Corp. v. Ehrler's Dairy, Inc.,* 468 S.W.2d 284, 286 (Ky.1971) (noting that "[a] property owner may, so long as he himself controls the property, deny access to whomever he desires[ ]"); *Chilton v. Meeks,* 288 S.W.2d 350, 351 (Ky.1956) (holding title to property "carries with it the power to make any use and disposition of the property[ ]"); *Edwards v. Sims,* 232 Ky. 791, 24 S.W.2d 619, 620 (1929) (holding

---

**2.** "Opinions that are not to be published shall not be cited or used as binding precedent in any other case in any court of this state; however, unpublished Kentucky appellate decisions, rendered after January 1, 2003, may be cited for consideration by the court if there is no published opinion that would adequately address the issue before the court." Kentucky Rules of Civil Procedure (CR) 76.28(4)(c).

**3.** Ky. Stat. § 4348 permitted the opening of a passway "whenever it shall appear to a county court that it is necessary for a person to have a private passway over the land of one or more persons to enable him to attend courts, elections," etc. This statute was repealed in 1914, 1914 Ky. Acts, ch. 338, but was replaced almost immediately with the enactment of Ky. Stat. § 3779a1. 1918 Ky. Acts, ch. 99. This statute was re-codified in 1948 as KRS 381.580. 1948 Ky. Acts, ch. 148, § 1. KRS 381.580 was repealed in 1976. 1976 Ky. Acts ch. 140, § 129. KRS 178.116, at issue here, was enacted in 1980. 1980 Ky. Acts, ch. The purpose of this exercise is merely to note that "necessary" has been used in statutes permitting the opening of a passway or prohibiting the closing of a county road for over 100 years, and Kentucky courts have consistently interpreted the word "necessary" as not requiring "absolute necessity."

owner of land "is entitled to the free and unfettered control of his land[ ]").

Our purpose here is not to set forth a definitive treatise on property rights and incidents thereto. However, the Greenes' limited, permissive use of the Fletcher passway, to which they have a tenuous hold, stands in stark contrast to their property right as a landowner to reasonable access to the public highway system. For example, the Greenes have no right or ability to transfer their use of the Fletcher passway, Akiyama could rescind the right of the passway, or if Akiyama and the other Fletcher heirs were to sell the property, a new owner would similarly have the right to rescind. On the other hand, if the Greenes decide to sell their property, their right of access via County Road 110 may be transferred as an incident of their ownership. Thus, County Road 110 provides "necessary access" to the Greenes' property within the meaning of KRS 178.116.

For the foregoing reasons, we vacate the judgment of the Greenup Circuit Court, and remand this matter to that court with instructions to enter judgment in favor of the Greenes.

DIXON, JUDGE, CONCURS.

STUMBO, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

STUMBO, JUDGE, DISSENTING:

I dissent in this case because I believe Road 110 did not provide "necessary access" to the Greenes' parcel because other access to the parcel was available.

This matter was before the Greenup Circuit Court on the Greenes' Motion for Summary Judgment. In the Judgment which followed, the court 1) denied the Greenes' Motion for Summary Judgment and 2) adjudicated and disposed of the Greenes' underlying Petition. Because disposition of the Greenes' Petition rendered the summary judgment motion moot, the standard of review is whether the trial court properly found that the Fiscal Court provided basic due process and did not act arbitrarily. *Trimble Fiscal Court v. Snyder*, 866 S.W.2d 124, 126 (Ky.App.1993)(*quoting City of Louisville v. McDonald*, 470 S.W.2d 173, 178–9 (Ky. 1971)). Since the Greenup Circuit Court properly determined that the Greenes' usage of the Fletcher passway for over 16 years demonstrated that their usage of County Road 110 was not "necessary," and as it is uncontested that Akiyama testified that the Greenes could continue using the Fletcher passway, I believe there was no error in the Greenup Circuit Court's declaration that the Fiscal Court decision was not arbitrary. I would affirm the circuit court's judgment.