RENDERED:  OCTOBER 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0874-DG

LIZ DAVIS                                                                              APPELLANT

v.

ON DISCRETIONRY REVIEW FROM
JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 19-XX-000029

AMERICAN TURNERS–
LOUISVILLE, INC.                                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

DIXON, JUDGE:  Liz Davis challenges the Jefferson Circuit Court's opinion and

order, entered June 7, 2020, affirming the district court's judgment finding her

guilty of forcible detainer.  After careful review of the briefs, record, and law, we

affirm.

# FACTS AND PROCEDURAL BACKGROUND

American Turners–Louisville, Inc. (Turners) is a private social club located on River Road in Louisville, Kentucky. Turners offers various sporting amenities to its members and, relevantly, has cabins located on its property. Historically, the cabins were owned by Turners; however, since at least the mid-1990s, the cabins have been independently owned by members with Turners retaining sole ownership of the land.

Davis entered negotiations in 2014 to purchase Cabin 12. She was informed that she would be purchasing only the cabin and would be required to maintain a Turners membership and make semiannual payments to lease the land. Davis purchased Cabin 12, later memorialized by a bill of sale, and began residing there near the end of 2014.

In 2015, Turners sent Davis invoices for her membership and rent, along with a written lease agreement. Davis never signed the lease but did remit payment fully satisfying the invoices. Thereafter, Turners continued to send yearly invoices for membership and semiannual invoices for rent until September 2018. Davis disputes that she received invoices in 2017 or 2018 but admits she has made no payments since 2016.

On February 16, 2018, Turners sent Davis a letter advising that her expired lease would not be renewed and that her tenancy had been terminated as a result of non-payment. Nevertheless, Davis continued to reside at Cabin 12, and Turners commenced the underlying forcible detainer proceedings. On April 10, 2019, after a two-day jury trial, Davis was found guilty of forcible detainer. She timely appealed to the Jefferson Circuit Court, which affirmed. Thereafter, Davis sought and was granted discretionary review by this Court. Additional facts will be introduced as they become relevant.

**STANDARD OF REVIEW**

As Davis's claims involve questions of law, our review is *de novo*. *Phillips v. M & M Corbin Properties, LLC*, 593 S.W.3d 525, 527 (Ky. App. 2020).

**ANALYSIS**

Forcible detainer is a special statutory proceeding which deals exclusively with the present right of possession of real property and is governed by KRS[1] 383.200-285. *Shinkle v. Turner*, 496 S.W.3d 418, 421-22 (Ky. 2016). "In Kentucky, a tenant is guilty of a forcible detainer when he refuses to vacate the premises *after* his right of possession has ended." *Id*. at 421; KRS 383.200(3)(a).

---

[1] Kentucky Revised Statutes.

Davis's first claim is that the court erred in finding her guilty of forcible detainer where she is a co-owner of the property. In support, Davis refers this Court to a definition of real estate which states that the term includes land and anything affixed to the land, such as buildings.[2] Based solely on this authority, Davis argues that her purchase of the cabin rendered her a co-owner of Turners' realty, despite their intentions otherwise, and thus, she is necessarily not a tenant. We disagree.

As an initial point, Davis is correct that a forcible detainer action requires the existence of a landlord-tenant relationship. *Cole v. Vincent by Seabolt*, 588 S.W.3d 180 (Ky. App. 2019). The hallmarks of the landlord-tenant relationship are the reservation of rent to the landlord and the tenant's occupation of the lands or premises in subordination to the landlord's title. *Alexander v. Gardner*, 123 Ky. 552, 96 S.W. 818, 819 (1906). Both hallmarks are evidenced in the present case. Davis concedes that she paid rent and occupied the area surrounding Cabin 12 and that Turners was responsible under the lease for water, trash, and property taxes.

Moreover, contrary to Davis's position, the law has long recognized that there may be a severance of ownership of land from the improvements thereon, such as buildings. *See Louisville Garage Corp. v. City of Louisville*, 303

---

[2] Davis cites to BLACK'S LAW DICTIONARY 1236 (6th ed. 1990).

Ky. 553, 556, 198 S.W.2d 40, 41 (1946); *see also* KRS 381.200 (which acknowledges that even deeds of land, which are construed to include all buildings attached to the land, may include exceptions). Further, Davis's argument runs afoul of the fundamental rule of property rights–that an owner may sell, devise, lease, or otherwise dispose of their interest in property, either wholly or in part, so long as it is not violative of the law or an infringement on the rights of others. *See Greene v. Greenup County*, 530 S.W.3d 463, 466-67 (Ky. App. 2015); *Walker v. Valley Plumbing, Inc.*, 370 S.W.2d 136, 138 (Ky. App. 1963). Accordingly, we find no error.

Davis's next argument is that the court erred in finding her guilty of forcible detainer where the land at issue is not adequately described.[3] Davis refers this Court to *Justice v. Justice*, 239 Ky. 155, 39 S.W.2d 250 (1931), and *Stephens v. Terry*, 178 Ky. 129, 198 S.W. 768 (1917), holding that a deed is void if the description of the land is so vague as to be meaningless. Davis argues this principle should apply with equal force to leases, and given Turners' admission that there are no formal boundaries beyond references to the cabin numbers themselves, Davis argues her lease with Turners was void.

---

[3] In her brief, Davis presented this and the prior claim in one consolidated argument; however, in the interest of clarity, we are treating them separately.

We presume that Davis's aim in positing this argument is her belief that the failure to adequately describe the land effectively precludes the formation of a landlord-tenant relationship and, thus, the remedy of forcible detainer. Again, we disagree. Regardless of the absence of formal boundaries, there is no credible argument that Turners' reference to Cabin 12 was so vague as to be meaningless. Further, as stated above, the hallmarks of a landlord-tenant relationship have been met where Davis concedes she paid rent and used the area immediately surrounding Cabin 12. The lack of formal boundaries does not change our analysis. Therefore, we find no error.

Davis's last argument is that the circuit court's appellate jurisdiction of district court judgments violates due process; accordingly, the provisions of CR[4] 72 should be declared unconstitutional. We need not address the merits of this claim.

The circuit court's appellate jurisdiction arises from an express grant of authority in KRS 23A.080(1), not CR 72, which merely proscribes how to effectuate an appeal. As Davis takes umbrage with the circuit court's jurisdiction, not from the process proscribed by the civil rules, her challenge pertains to the constitutionality of a statute. *Craft v. Commonwealth*, 483 S.W.3d 837, 839-40 (Ky. 2016). A prerequisite to any constitutional challenge of a statute is timely

---

[4] Kentucky Rules of Civil Procedure.

notice to the Attorney General.  KRS 418.075(2).  As notice was not provided at any stage in the present case, we decline review of this claim.

## CONCLUSION

Therefore, and for the foregoing reasons, the opinion and order of the Jefferson Circuit Court is hereby AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Harry B. O'Donnell, IV
Louisville, Kentucky

BRIEF FOR APPELLEE:

Felix H. Sharpe, II
Louisville, Kentucky